[S. F. No. 296.   In Bank.—May 8, 1896.]

## M. W. FOX, RESPONDENT, v. HALE & NORCROSS SILVER MINING COMPANY ET AL., DEFENDANTS· ALVINZA HAYWARD AND H. M. LEVY, APPELLANTS.

APPEAL—ORDER FOR JUDGMENT UPON ONE ISSUE—NEW TRIAL OF OTHER ISSUES—TIME FOR ENTRY OF JUDGMENT—CONSTRUCTION OF DECISION. Where, upon a former appeal, the cause was remanded to the superior court with directions to enter a judgment as of the date of a former judgment for a specified sum, with interest from that date. upon one of the issues in the case, and to retry the cause upon other issues, the decision of the appellate court is to be construed as contemplating but one final judgment in the cause, and the judgment ordered to be entered should not be entered before the new trial is had, but should form part of the final judgment in the cause, to be rendered after the close of the new trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*Garber, Boalt & Bishop, Lloyd & Wood,* and *W. F. Herrin,* for Appellants.

The judgments in question, if otherwise conformable to the decision of this court, were prematurely entered, leaving material issues untried, without authority of law or of said decision.   (1 Freeman on Judgments, 4th ed., secs. 16, 20; *Benjamin* v. *Dubois,* 118 U. S. 46; *Bostwick* v. *Brinkerhoff,* 106 U. S. 3; *Coons* v. *Harlee,* 17 Fla. 484; Code Civ. Proc., sec. 577; *Lick* v. *Diaz,* 37 Cal. 437, 447; *Polhemus* v. *Carpenter,* 42 Cal. 375; *Ellis* v. *Jeans,* 26 Cal. 272; *Bagley* v. *Eaton,* 10 Cal. 126; *Benson* v. *Shotwell,* 87 Cal. 49; *McMenomy* v. *Baud,* 87 Cal. 134; *Wise* v. *Williams,* 88 Cal. 30; *Posachane etc. Co.* v. *Standart,* 97 Cal. 476; *Bucking* v. *Hauselt,* 9 Hun, 633; *Fales* v. *Lawson,* 21 N. Y. St. Rep. 708; *Belmont* v. *Ponvert,* 3 Rob. (N. Y.) 693; *Masters* v. *Barnard,* 6 How. Pr. 113; *Le Guen* v. *Gouverneur,* 1 Johns. Cas. 509, 521; 1 Am. Dec. 121, 134;

*Gage* v. *Allen*, 84 Wis. 323; *Chandler* v. *People's etc. Bank*, 65 Cal. 498, 499; *Sutherland* v. *Tyler*, 11 How. Pr. 251.) There can be but one final judgment in an action. (Elliott's Appellate Procedure, secs. 90, 91; *Stockton etc. Works* v. *Glens Falls etc. Ins. Co.*, 98 Cal. 557, 577; *Barry* v. *Superior Court*, 91 Cal. 486, 488; *Paige* v. *Roeding*, 96 Cal. 388, 390; *Colton etc. Co.* v. *Swartz*, 99 Cal. 278, 282; *Von Schmidt* v. *Von Schmidt*, 104 Cal. 547, 550; *Western etc. Co.* v. *Locke*, 107 Ind. 9; 1 Freeman on Judgments, 4th ed., secs. 238, 241.) Said judgments cannot be presumed to be, and were not in fact directed by this court to be, entered before the trial and determination of any of the issues in the cause. (*Argenti* v. *San Francisco*, 30 Cal. 458, 463.)

*W. T. Baggett, L. D. McKisick*, and *E. S. Pillsbury*, for Respondent.

This court has been given ample power to direct the entry of any judgment upon the hearing of the appeal which, in its opinion, is proper and appropriate to the ends of justice. (Const., art. VI, sec. 4; Code Civ. Proc., sec. 53; *In re Jessup*, 81 Cal. 464, 465; *Rhea* v. *Surryhne*, 39 Cal. 581.) It was the intention of this court to order the entry of the judgment in question, without waiting until the remaining issues were disposed of. The judgment entered in this case is a final judgment, and is, in effect, a judgment of the supreme court, for this court might have, without the intervention of the lower court, directed its own clerk to make the entry. (*Marysville* v. *Buchanan*, 3 Cal. 212; *McMann* v. *Superior Court*, 74 Cal. 106; *Gahan* v. *Neville*, 2 Cal. 81.) Courts of equity, in a case where there are separate claims and several issues as to liens and claims upon property involved in the litigation, make several decrees, settling the rights of several parties, and an appeal may be taken by each of the parties whose claims have been denied, without taking up the whole case, or stay further proceedings. (*Milner* v. *Meek*, 95 U. S. 252; *Heinlen* v. *Martin*, 53 Cal. 343; *Woodroof* v. *Howes*, 88 Cal. 202.)

VAN FLEET, J.—On a former appeal herein (*Fox v. Hale etc. Co.*, 108 Cal. 369, where the purposes and history of the action are fully stated) the cause was remanded to the superior court, with these directions:

"The judgment appealed from is set aside, and the superior court is directed to enter a judgment as of the date of its former judgment against Alvinza Hayward and H. M. Levy, for the sum of two hundred and ten thousand one hundred and ninety-seven dollars and fifty cents, with interest from that date, upon the issue presented by the claim for having paid an excessive price for milling the ore in the Mexican and Nevada mills; and upon that issue the order denying a new trial as to these defendants is affirmed.   As to the other appellants, except the Nevada Mill and Mining Company, the order denying a new trial as to this issue is reversed, and a new trial thereon ordered.   Upon the issue presented by the claim for damages sustained by reason of the imperfect and fraudulent milling, the order denying a new trial is set aside as to all the appellants, and the court is directed upon the evidence already taken in the case, and such other evidence as may be presented by either party, to make findings in accordance with the views hereinbefore expressed."
Then follow some specific suggestions as to particular facts to be found, not pertinent to be here noticed.

Upon the going down of the *remittitur* upon that appeal the superior court, on motion of the respondent and against the objection of the appellants, immediately, and without awaiting the determination of the issues as to which a new trial had been so granted by this court, and before the same had been disposed of, rendered and had entered therein a judgment against the defendants Alvinza Hayward and H. M. Levy, upon the issue as to which the order denying them a new trial had been affirmed, for said sum of two hundred and ten thousand one hundred and ninety-seven dollars and fifty cents, with interest, etc., and making reservation of the other issues as to which a new trial had been

granted, substantially in the language of the judgment of this court above recited.

From this judgment the defendants Hayward and Levy now appeal.

The main contention of appellants, and the only point we find it necessary to notice, is that the judgment as entered was unauthorized by law or the directions of this court; that there can be but one final judgment in a case, and, as the judgment herein finally determines the rights of the parties as to one of the issues only, leaving and reserving others to be thereafter tried, it is premature and contrary to the course of law.

That the judgment as entered is final in form and character as to the issue involved therein, no question is made. Nor is it controverted that the general rule in this state, as elsewhere, is that there can be but one final judgment in an ordinary civil action or proceeding.

It is not necessary for the purposes of this appeal to decide whether or not this case is a suit in equity (as to which see Thompson on Corporations, secs. 4472, 4479; 1 Morawetz on Corporations, sec. 236 *a*, et seq.), nor whether in a suit in equity in this state several judgments, each finally determining some of the rights of the parties, can be entered (as to which see Code Civ. Proc., sec. 647; *Thompson* v. *White,* 63 Cal. 505; *Watson* v. *Sutro,* 77 Cal. 609; *Trustees* v. *Greenough,* 105 U. S. 527). This court has no power to review its own final judgments; and we cannot now inquire whether our judgment on the former appeal was or was not warranted by law. The only question we can consider on this appeal is whether the judgment now appealed from was entered in accordance with the mandate of this court.

It is, however, certain that the cases, if there are any, which can be taken out of the general rule above stated —that but one judgment, final in effect if not in form, can be entered—must be altogether exceptional and de-

pendent upon some special considerations. No such considerations have been brought to our attention in this case, nor were any such referred to in our former opinion. In construing our former judgment, therefore, the fair presumption is that no direction to enter a final judgment on some of the issues, in advance of the trial on the remaining issues, was intended.

On examining the terms of that judgment we are unable to find any plain or distinct direction of that kind. The court below was directed to enter a judgment as of the date of its former judgment on the issue as to which a new trial was denied, and as to the remaining issues a new trial was granted. No direction was given as to when the particular judgment ordered should be entered; and the presumption is that it was intended that it should be entered at the same time as, and should constitute a part of, the final judgment to be rendered on all the issues in the case, in accordance with the general course of proceeding in like cases. Nothing less than explicit language to the contrary would justify any other interpretation. We are, therefore, of opinion that the court below was not authorized to enter the judgment appealed from until all the issues between the parties before the court should be determined; and that when the court shall have filed its findings upon the issues as to which a new trial has been ordered, it will then be its duty to render a single judgment upon the whole case, which shall include the judgment so heretofore directed to be entered.

It may be added, in justice to the learned judge of the court below, and to counsel for plaintiff, that the language of our former judgment was perhaps not happily chosen or altogether clear in this respect, and was possibly, standing alone, open to the construction insisted upon by plaintiff. But when regarded in the light of the general rule of procedure applicable in like cases, as above indicated, such construction cannot, for the reasons stated, be indulged.

The judgment appealed from is, therefore, reversed and the cause remanded.

McFARLAND, J., HENSHAW, J., TEMPLE, J., and BEATTY, C. J., concurred.

HARRISON, J., and GAROUTTE, J., dissented.