[S. F. 1179.    Department One.—June 17,1899.]

ALAMEDA COUNTY, Respondent, v. MARY IVES CROCKER et al., Defendants. ISABELLA E. JORDAN, Appellant.

CONDEMNING LANDS FOR HIGHWAY—GENERAL AND SPECIAL FINDINGS —REFERENCE TO PLEADINGS—CERTAINTY.—In an action to condemn lands for a public highway, a general finding "That all the facts alleged in the complaint are true, except as to those hereinafter specified," and special findings following, which are inconsistent with certain allegations of the complaint as to all of the property sought to be condemned, and which specifically set forth the ownership, acreage, value, damages, and benefits to the tracts belonging to the defendants, about which any issue was presented, and which covered the entire lands in controversy, are not uncertain or obscure, and necessarily exclude the idea of any ownership in a fictitious defendant named in the complaint, with respect to which no issue was joined.

ID.—DEFENDANTS SUED BY FICTITIOUS NAMES—AMENDMENT TO COMPLAINT—JUDGMENT UPON APPEAL.—Where defendants sued by fictitious names, were served, and appeared and answered by their true names, the complaint must be amended to insert their true names, but where such amendment was not made, and the specific rights in the land condemned of all persons sued by fictitious names were in fact determined, the absence of the amendment is not ground for ordering a new trial; but the judgment upon appeal will direct the lower court to amend the complaint as of date prior to the judgment, in order to support the judgment.

ID.—PREMATURE JUDGMENT AS TO ONE DEFENDANT — FINAL JUDGMENT—VACATION—PRESUMPTION UPON APPEAL.—Where the court improperly entered a premature judgment condemning the interest of one defendant not appearing, before other defendants had appeared and answered, and properly included the interest of that defendant in the final judgment of condemnation of the interests of all the defendants, it will be presumed, upon appeal of another defendant, that the court made an order vacating the premature judgment, and such judgment must be deemed harmless as to the appellant.

ID.—COSTS—APPEAL FROM JUDGMENT—PRESUMPTION.—Where no costs were awarded to the defendants, whose lands were condemned, and the appeal is from the judgment, upon the judgment-roll alone, and there is nothing in the record to show whether a cost bill was presented, or what items of costs were claimed, it must be presumed, in support of the judgment, that appellant failed to present a cost bill showing items properly chargeable to plaintiff.

APPEAL from a judgment of the Superior Court of Alameda County.  F. B. Ogden, Judge.

The facts are stated in the opinion.

R. E. Hewitt, for Appellant.

Charles E. Snook, District Attorney of Alameda County, for Respondent.

CHIPMAN, C.—Action to condemn lands for a public highway in the county of Alameda.  There were twelve defendants named in the complaint, four of whom were sued by the fictitious names of John Doe, Richard Roe, John White, and James Black; Mary V. Baldwin, George W. Patterson, R. W. Allen, and Catharine M. Allen, whose names do not appear in the complaint, appeared as defendants.  George W. Patterson answered under the name of Richard Roe, claiming to own the land alleged to belong to A. Patterson; R. W. Allen was served under the name of Richard Roe; Catharine M. Allen appeared by demurrer under a fictitious name not stated; the Allens (R. W. and Catharine) answered "as sued and served under fictitious names" (the fictitious names not stated) claiming to own the land alleged to belong to Mrs. F. J. Hall, alias Phebe J. Hall, defendant named in the complaint, and Mary V. Baldwin appeared by demurrer under the name of John Doe.  No amendment of the complaint was made inserting the true names of these four who appeared after the complaint was filed.  Defendant Pope defaulting, a preliminary decree was entered against him August 24, 1894, and a final decree October 29, 1894, condemning his lands, and on March 13, 1895, the final decree against Pope was amended as to a description of his lands.  Defaults as to all the other defendants were taken, except as to defendants Crocker, Dillon, the Allens, and appellant Jordan, and upon the issues raised by their answers the case was tried August 25, 1896.  The court filed findings, and ordered judgment for plaintiff as prayed for.  Thereafter, an interlocutory decree and subsequently a final decree were entered, which final decree included all the defendants in the case.  From these two last mentioned decrees the appeal is taken by Isabella E. Jordan.

1. The court made the following finding: "That all the facts alleged in the complaint . . . . are true, except as to those hereinafter otherwise specified, and as to those allegations the court finds as follows." The court then takes up the parties and the several pieces of property sought to be condemned, and finds specifically as to the ownership, acreage, value, and damages and benefits to the tracts belonging to defendants Crocker and Dillon, appellant Jordan, Phebe Hall (found to belong to R. W. and Catharine Allen); and, as conclusions of law, the court finds that Crocker and Dillon, Jordan, and the Allens are entitled to damages.

Appellant contends that the above finding is insufficient because uncertain and obscure. It is said: "It may mean that it was the intention of the court to indicate subsequently in its findings those allegations which it found to be untrue; or it may mean that all the allegations of the complaint were true except so far as inconsistent with the facts subsequently found." It is claimed that if the former of these intentions is to be taken as the purpose of the court, it failed to point out the allegations it intended to declare to be untrue; and if the second construction suggested be the true one, then the general finding in question would not comply with the code. (Citing *Johnson v. Squires,* 53 Cal. 37; *Harlan v. Ely,* 55 Cal. 340; *Bank of Woodland v. Treadwell,* 55 Cal. 379.) We think the natural reading of the finding is, in effect, that all the facts alleged in the complaint are true, except as to those facts therein alleged and in the findings otherwise specified, as to which the facts are not necessarily untrue, but are as found specifically by the court. In the cases cited the finding left something undetermined, so that the court could not ascertain precisely what facts had been found. Here the finding is that the facts set forth in the complaint are true except as to certain particulars, and as to these the facts are as specifically found. For example: The complaint alleged that the value of the land belonging to defendants Crocker and Dillon does not exceed one dollar; the finding is that its value is fifty dollars; and so as to appellant's land, sought to be condemned, which was alleged to be of the value of one dollar, the finding is that it is of the value of sixty dollars; certain land is alleged to belong to

Phebe Hall, and the court found that the Allens were the owners. But it is said, that if the finding be sufficient, then it adopts as true the allegation of the complaint that the four fictitious defendants have or claim to have some interest in the property sought to be condemned, and that this finding is capable of the construction that the fictitious defendant sued as James Black is not merely an encumbrancer, but the owner or the whole, or a portion of, or an undivided interest in, the lands specially found to belong to defendants Crocker, Dillon, Allen, or Jordan, and if this be so the two findings destroy each other. This might be true if there had been an unqualified finding that Black is the owner of an interest in any of the lands found to be entirely owned by some one or more other defendants, and if Black had been a real party and there was any issue made as to his interest. But the court found specifically as to the ownership of all the lands sought to be condemned and as to all lands about which there was any issue presented. This finding necessarily excluded the idea of any ownership in Black and was in effect a finding against him.

2. It is contended that the judgment is erroneous as to the Allens, Patterson, and Baldwin, as to whom the complaint was not amended. (Citing *McKinlay v. Tuttle*, 42 Cal. 572; *Baldwin v. Bornheimer*, 48 Cal. 434.) In *McKinlay v. Tuttle, supra,* certain defendants, the Castros, were served by fictitious names and appeared and answered, but the complaint was not amended by inserting therein their true names, and it was held under section 69 of the practice act, that when the true name is discovered the pleading must be amended if it is intended to bind such person by the judgment. And this has been held to be the law under section 474 of the Code of Civil Procedure. (*Bachman v. Cathry,* 113 Cal. 498.) In the case cited in 48 California, *supra,* the rule in *McKinlay v. Tuttle, supra,* was approved, and the court affirmed the order denying a new trial, but ordered the lower court "to amend the complaint or cause the same to be amended, as of date prior to the judgment in said court, by the insertion therein of the name of Engel Bornheimer as a party defendant."

I think it essential that there should be a valid judgment against all defendants whose lands are sought to be condemned

(*Bulte County v. Boydstun*, 68 Cal. 189); and that the judgment, without amending the complaint, cannot be supported (*Bachman v. Cathry, supra*); but I think the course pointed out in *Baldwin v. Bornheimer, supra*, should be followed. There is no necessity or reason for subjecting the parties to a new trial on account of the failure to amend the complaint in the particular complained of.

The point that the judgment is erroneous because it fails to ascertain and determine the specific rights, in the land condemned, of the defendants sued by fictitious names is disposed of by what has already been said. There are no such lands the specific rights in which have not been determined.

3. It is claimed that when the court rendered judgment against Pope it exercised its powers and exhausted them for the purposes of the action, and the subsequent judgment must be. void. It appears that on August 24, 1894, the court ordered that plaintiff pay to Pope the sum of one dollar within thirty days, and "that upon such payment being made, within said time, the final order condemning and taking said strip of land be made and entered." This order was entered before appellant and some other defendants had answered. After the answers of some, but not all, of the defendants appearing were filed, the court, on October 29, 1894, "ordered, adjudged, and decreed" that "all the estate . . . . of the defendant R. T. Pope . . . . and the same are hereby condemned for the purpose of a highway." On the same day, the court made and entered an amended order, as to Pope, referring to what it terms the "preliminary order of condemnation made and filed in this court on the twenty-fourth day of August, 1895 [should be 1894]." Appended to this order is an order dated March 13, 1895, reciting that an error was made in the description of the land contained in the order first made on October 29, 1894, and declares that the true description is as in the last order of that date. Some of the defendants appeared by answer or demurrer after this order was entered; and finally, on April 25, 1896, the cause was tried and the court made its findings and entered its decree adjudging the rights of all the parties, including Pope, and on July 25, 1896, the court entered its final decree of condemnation as to all the land sought to be condemned and as to

all the defendants, including Pope. The court apparently treated the earlier orders or decrees made by it as prematurely entered and inoperative; and in support of the judgment it may be presumed that the court made an order vacating the first orders as to Pope. Those orders did not purport to adjudge the rights of any of the other defendants or condemn any of the other lands; nor could the court have done so at that stage of the proceedings, for some of the defendants had not yet answered. The record was not yet in condition for a final decree. No possible harm came to appellant, and Pope is not appealing. (See the subject discussed in 1 Freeman on Judgments, sec. 16 *et seq.; Fox v. Hale etc. Min. Co.,* 112 Cal. 568.) As to the necessity for a final judgment of condemnation as to all defendants, see *Butte County v. Boydstun, supra.*

4. It is contended that the court erred in not awarding the defendants, whose lands were condemned, their costs of the action. (Citing *San Francisco v. Collins,* 98 Cal. 259.) That case holds that the power to allow or not to allow costs in condemnation proceedings under section 1255 of the Code of Civil Procedure is limited by section 14, article I, of the constitution (see, also, *San Diego Land Co. v. Neale,* 88 Cal. 50); but it held that the court had discretion to determine what are improper items of cost in proceedings of this kind, and to disallow such as are improper, as in other cases. This appeal is from the judgment and upon the judgment-roll alone. There is nothing here to show whether appellant presented a cost bill or incurred any costs, or that if she did so present a cost bill it contained only proper items of cost. It must be presumed in support of the judgment that appellant failed to present a bill of costs showing items properly chargeable to plaintiff.

We think the judgments appealed from should be affirmed, with directions to the court below to amend the complaint or cause the same to be amended as of a date prior to the judgment of condemnation entered April 25, 1896, in said court, by the insertion therein of the names Mary V. Baldwin, George W. Patterson, R. W. Allen and Catharine M. Allen, as parties defendants.

Britt, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgments appealed from are affirmed, with directions to the court below to amend the complaint or cause the same to be amended as of a date prior to the judgment of condemnation entered April 25, 1896, in said court, by the insertion therein of the names, Mary V. Baldwin, George W. Patterson, R. W. Allen, and Catharine M. Allen, as parties defendants.

Harrison, J., Garoutte, J., Van Dyke, J.