[No. 15551.   Department One.—July 29, 1899.]

JOHN D. FRENCH, Respondent, v. JAMES P. McCARTHY, Appellant, and BEHREND JOOST, Codefendant.

VENDOR AND PURCHASER—CONTRACT OF SALE—INTEREST IN PROFITS OF RESALE—PURCHASE OF VENDEE'S INTEREST—CONSIDERATION.— Under a purchase by the vendor and a third person of the interest of the vendee in a contract for the sale of land, upon which five thousand dollars had been paid by the vendee and which provided for an interest in the profits of the resale of the land by the vendor, out of which the remainder of the purchase money was to be paid, for which interest of the vendee, the

purchasers paid five thousand dollars, subject to reimburse-
ment out of the profits of the original five thousand dollars
paid by the vendee, an agreement by the purchasers that what-
ever part of such original payment should not be repaid to the
vendee out of the profits by a fixed date, should be paid by
the purchasers to him, constitutes part of the consideration for
the purchase of the contract, and is not an agreement for a pen-
alty or liquidated damages.

ID.—ACTION UPON CONTRACT—AMENDMENT OF COMPLAINT.—In an ac-
tion upon the contract to make good the unpaid portion of the
original five thousand dollars of purchase money paid by the
vendor, where the terms of the contract are set forth in the
complaint, and issue has been joined by answer, the court may
permit an amendment of the complaint to correct an inconsis-
tency between the prayer of the complaint and the facts stated
therein.

ID.—FAILURE TO MAKE AMENDMENT ALLOWED—CORRECTION OF REC-
ORD.—The failure to make the amendment allowed formally
upon the record, does not necessitate a reversal of the judg-
ment, but the record will be ordered to be corrected to conform
with the order permitting the amendment.

ID.—AGREEMENT TO SUBSTITUTE STOCK FOR LAND — PAYMENT —
PLEDGE—FINDING AS TO VALUE IMMATERIAL.—Where there was
a supplemental agreement that the land should be conveyed to
a corporation, and that the stock should take the place of the
land, under an allegation in the answer that plaintiff had ac-
cepted stock in payment of his obligations under the agreement
and under the claim of plaintiff that the stock was received by
way of pledge or collateral security for the contract sued upon,
there is no issue authorizing a finding as to the value of the
stock.

ID.—TENDER OF PLEDGED STOCK—RETENTION UNTIL SATISFACTION OF
JUDGMENT.—In an action upon a contract to pay a sum of
money, stock held by way of pledge or collateral security for
the obligation, need not be tendered by the plaintiff, but may
be retained by him until satisfaction of the judgment in his
favor; and it is not necessary that the judgment shall provide
that the stock shall be surrendered, upon such satisfaction.

ID.—JOINT OBLIGATION—RELEASE OF CODEFENDANT.—The release of
a codefendant who was a joint obligor with the other defend-
ant does not release the other defendant from his obligation to
pay so much of the debt as was not paid by the codefendant
released.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco, and from an order denying a new
trial.    D. J. Murphy, Judge.

The facts are stated in the opinion of the Court.

Edgar D. Peixotto, and O'Byrne & Peixotto, for Appellant.

Chickering, Thomas & Gregory, for Respondent.

HARRISON, J.—The parties to this appeal entered into a contract December 23, 1890, by which the respondent agreed to purchase from the appellant an undivided twentieth of a tract of land in San Francisco for the sum of twenty thousand dollars, of which he paid five thousand dollars to the appellant. The appellant was to retain the title to the land and make sales thereof, and the other three-fourths of the purchase price was to be paid out of the proceeds of these sales. On the 30th of December the defendants herein—the appellant and one Joost —made a contract with the respondent, by which, after reciting the aforesaid agreement and that they "are desirous of obtaining an interest in said contract and the benefits to accrue therefrom," they agreed with him that if he should not, within one year from January 10, 1891, receive back the money paid by him under said contract, they would pay or cause to be paid to him all sums of money that he had already paid, together with the sum of five thousand dollars in addition thereto. In consideration thereof the plaintiff agreed that the defendants should be entitled to receive all moneys to which he might be entitled by virtue of said contract of December 23d, above the sum of five thousand dollars that he had already paid.

It may be inferred from the record, although there is no direct evidence of that fact, that the land involved in the agreement was conveyed to the Sunnyside Land Company, and on or about January 27, 1891, the respondent, being about to convey his interest in the contract of December 23d to that company, at the request of the defendants, and to receive certain shares of stock in lieu of the contract, or of his interest in the land, the parties to the agreement of December 30th made a supplemental agreement providing that the said transfer should not affect their obligations thereunder, but that the stock should take the place of the contract, and thereupon a hundred shares of the capital stock of the company was issued to the plaintiff. The plaintiff, not having received back any of the money that he had paid under the contract of December 23d, brought the present

action March 17, 1892, upon the contract of December 30th, to recover from the defendants the amount therein agreed by them to be paid. The appellant in his answer thereto alleged that he had fulfilled all the obligations and conditions of the contract of December 23d to be performed by him, and that the plaintiff had received the above-named one hundred shares of capital stock for the amount paid by him thereunder, and had accepted said stock in "payment" of all obligations on the part of the defendants, or by virtue of the agreement of December 30th. After the action had been commenced, the plaintiff, under an agreement made by him with Joost, received the sum of four thousand five hundred dollars, and released him from the obligations of the agreement of December 30th, but provided in the release that it should not operate or be construed to release or in any way discharge the appellant. At the trial of the cause the court, upon the request of the plaintiff, granted him leave to amend his complaint by inserting therein the sum of ten thousand dollars, in the place of five thousand dollars, in the prayer for relief. The trial proceeded without any formal amendment having been made, and at its close the court rendered judgment in favor of the plaintiff and against the appellant for the sum of five thousand five hundred dollars.

The instrument of December 30th was an agreement on the part of the defendants to purchase from the plaintiff his interest in the contract of December 23d, by which they agreed to pay him the sum of five thousand dollars, and also whatever portion of the five thousand dollars which he had paid to the appellant should not be received back by him prior to January 10, 1892. It was evidently in the contemplation of the parties to each of the contracts that large profits were to be received from the sales of the lands described therein, and the defendants agreed to make this payment to the plaintiff in consideration of his agreement therein that they should be entitled to all of these profits. The provision in the agreement for the payment of five thousand dollars in addition to the amount paid by the plaintiff was in no respect a penalty or liquidated damages. No breach of obligation, or damage sustained thereby, was contemplated or provided for, but the entire transaction was an original contract for the purchase of the plaintiff's in-

terest in the agreement of December 23d, for which he was to receive ten thousand dollars—five thousand dollars from the defendants in any event, and in addition thereto such portion of the five thousand dollars which he had already paid as should not be returned to him under the terms of his original purchase.

The court did not err in permitting the amendment to the complaint. The action is upon a contract and its terms are set forth in the complaint. The appellant had appeared and answered, and, if there was any inconsistency or want of conformity between the prayer of the complaint and the facts set forth therein, the court was authorized to permit the amendment. The failure to make it formally upon the record does not necessitate a reversal of the judgment. The record can still be corrected to conform with the order permitting the amendment. (*Alameda County v. Crocker*, 125 Cal. 101.)

There was no issue before the court which authorized an inquiry into the value of the stock of the Sunnyside Land Company. Under the allegation of the appellant that the plaintiff had accepted this stock in "payment" of his obligations under the agreement of December 30th, such inquiry was immaterial. The finding of the court against this defense left the plaintiff's relation to the stock to be determined according to the terms under which he received it. The agreement of January, 1891, that the stock should take the place of the contract of December 23d, was equivalent to an agreement by the defendants to purchase the plaintiff's right to the stock that the Sunnyside Land Company might issue. The record does not show when or under what conditions the plaintiff received the stock; but if, as claimed by the appellant, it is held by the plaintiff as collateral security for the agreement of December 30th, he is entitled to maintain the action without any tender of the stock, and may retain the stock until the judgment in his favor is satisfied (*Sonoma Valley Bank v. Hill*, 59 Cal. 107); nor is it necessary that the judgment should contain a provision that the stock should be surrendered upon such satisfaction. (See *Allin v. Williams*, 97 Cal. 403.)

The release of Joost did not have the effect to release the defendant from the same obligation. (Civ. Code, sec. 1543; *Northern Ins. Co. v. Potter*, 63 Cal. 157.)

The judgment and order are affirmed, with directions to the superior court to cause the complaint to be amended in accordance with its order made at the trial, and as of the date when said order was made.

Garoutte, J., and Van Dyke, J., concurred.