[S. F. No. 14279. In Bank.—September 22, 1931.]

CHRIS STAFFORD, Appellant, v. M. E. GEARY et al., Respondents.

Rudolph J. Scholz and Joe Mannix for Appellant.

Gus C. Ringole for Respondents.

WASTE, C. J.—Motion for diminution of record.

In the year 1926 the defendant Geary brought an action in claim and delivery against the plaintiff and appellant Stafford to recover a Pierce-Arrow automobile which had been duly seized and held by the sheriff. Stafford cross-complained for the value of services rendered in repairing the automobile, and judgment in the sum of $849.51 was entered in his favor and against the cross-defendants Skinner, Arnold and Ringole. Stafford was also awarded a mechanic's lien on the automobile to the extent of his judgment, but possession of the machine was not restored to him. He subsequently located it in the possession of Hammond, and caused an execution to issue against it as an aid to the enforcement of his mechanic's lien. Hammond thereupon filed a third party claim, asserting ownership and right of possession. Upon a petition to try title filed by Stafford pursuant to the amendment of section 689 of the Code of Civil Procedure (Stats. 1929, p. 661), an order was issued by the trial court directing Hammond to produce evidence, if any he had, in support of his claim of ownership. At the conclusion of the hearing on the petition the court below entered its judgment declaring, in part, that "there is no mechanic's lien now existing upon the said automobile by virtue of the judgment (theretofore procured by Stafford) and that said E. L. Hammond has been since August, 1923, in possession of and entitled to the possession of the said automobile . . . and is the owner of the said automobile free and clear of all liens and encumbrances in favor of the plaintiff (Stafford) . . . " From this judgment the present appeal was prosecuted by Stafford.

The appeal on the merits is not now before us, but the defendant Ringole seeks, by this motion, to have incorporated in and made a part of the record on the appeal a certified copy of an order made in the action in claim and delivery reciting that he, Ringole, has fully paid, satisfied and dis-

charged Stafford's judgment for $849.51, which order was entered November 27, 1929, upon an order of examination directed against Ringole, and antedates the judgment here appealed from.

The order should be made a part of the record to be considered when the appeal on the merits is reached. Section 953 of the Code of Civil Procedure provides that if "there is any paper or record in the custody of the clerk of the trial court which was before the trial court but which is not included in the record on appeal, and an examination of such paper or record will assist in a determination of the appeal on its merits, the court in which the appeal is pending may, on motion of either party, or on its own motion, require the production of a certified copy of such paper or record, and the same shall thereupon be deemed a part of the record on appeal".

The order here sought to be made a part of the record tends to indicate that appellant's original judgment has been satisfied, and his mechanic's lien lost. If this be so, it is determinative of this appeal, which would necessarily be moot. The order is therefore material to the present appeal, and furnishes some explanation for the judgment here complained of.

We are not now concerned with the propriety of the order sought to be included in the record. That is a matter more appropriately associated with the consideration of the appeal on its merits. If the order was an improper one, or was improvidently made, a matter on which we express no opinion, it was for the appellant to start the legal machinery by which such an error, if any, might be rectified.

The motion is therefore granted.

Shenk, J., Richards, J., Seawell, J., Curtis, J., Preston, J., and Langdon, J., concurred.