[Civ. No. 2443. Fourth Appellate District.—October 23, 1939.]

T. G. WATTERSON, Respondent, v. WANNELL KNAPP et al., Appellants.

284

Benjamin Chipkin for Appellants.

Robert Richards, Ed. S. Green and Walter T. Casey for Respondent.

MARKS, J.—This is an appeal from a judgment in an action for an accounting and for a division of the assets of a joint adventure.

In 1925 plaintiff and Wannell Knapp associated themselves together in an undertaking which had as its principal object the purchase of land and rights to purchase land in Inyo and Mono Counties with the expectation of selling this property at a profit to the water department of the city of Los Angeles. Both devoted some time and money to the enterprise. Fee title to two tracts was acquired. Certificates of purchase of a number of parcels of state lands were also obtained. Title, or the purchase right, was taken in plaintiff's name to two parcels. The larger number were taken in the name of Wannell Knapp, who, with June Knapp, his wife, immediately assigned or conveyed an undivided one-half interest in the certificates and the lands to plaintiff in the case of almost every purchase. Through the ten years the joint adventure was operated, Mr. Knapp, through mesne conveyances, placed title in his wife to all certificates and the lands originally standing in his name.

 The first contention of defendants is that the demurrer to the complaint should have been sustained. It must be admitted that some of the grounds of special demurrer were well taken. However, the complaint did state facts sufficient to constitute a cause of action to terminate the joint adventure and for an accounting between the parties which constituted the principal relief sought. We have studied the entire record and have failed to discover any injury suffered by defendants from any defects in the pleadings. The issues were clearly understood during the trial and all the competent evidence in possession of both parties was offered and admitted. We are prohibited by the Constitution (art. VI, sec. 4½) from reversing a judgment because of technical defects in a pleading where prejudice did not result therefrom.

 The complaint failed to describe one tract of land acquired by the joint adventurers. When plaintiff started to introduce evidence concerning this land he was met by an objection from defendants. The trial judge ordered the pleading amended so as to contain a description of this land and proceeded to take evidence concerning it. No formal amendment was filed but the judgment disposed of this land.

Clearly, this property was an asset of the joint adventure. Defendants were neither misled nor surprised by the omission of the description in the pleading and were not prejudiced by the ruling of the trial court. After such ruling they proceeded to voluntarily litigate this issue and under these circumstances should not now secure a reversal of the judgment because of this correctible defect in the pleading.

A similar situation was considered in *French* v. *McCarthy*, 125 Cal. 508 [58 Pac. 154], where it was said: " . . . , the court was authorized to permit the amendment. The failure to make it formally upon the record does not necessitate a reversal of the judgment. The record can still be corrected to conform with the order permitting the amendment. (*Alameda County* v. *Crocker*, 125 Cal. 101 [57 Pac. 766].) "

Defendants urge that the evidence is insufficient to support the finding of the existence of a joint adventure. This contention is without the slightest merit. Plaintiff testified in great detail to it. Knapp admitted it. Mrs. Knapp wrote letters recognizing it. A finding that there had been no joint adventure would have been contrary to the great weight of the evidence.

Defendants urge that the trial court erred in dividing the respective parcels of property between the joint adventurers and in quieting the title of one against the other. In this connection it should be observed that defendants in their answer sought the following relief:

"In the alternative that if the Court finds that plaintiff has any right, title or interest in the property described herein, said property be divided and partitioned between the rightful owners or title quieted in the respective owners."

It is well settled that "the resemblance between a partnership and a joint adventure is so close that the rights as between adventurers are governed practically by the same rules that govern partnerships". (*Keyes* v. *Nims*, 43 Cal. App. 1 [184 Pac. 695]; see, also, *Butler* v. *Union Trust Co.*, 178 Cal. 195 [172 Pac. 601]; *Irer* v. *Gawn*, 99 Cal. App. 17 [277 Pac. 1053].)

Where there are no rights of creditors to be injuriously affected, it is not necessary to convert the assets of a partnership into cash before partition of the partnership property. The court may divide the partnership property and award a just proportionate share to each partner.

(*Vasiljevich* v. *Radanovich*, 138 Cal. App. 97 [31 Pac. (2d) 802]; *Harper* v. *Lamping*, 33 Cal. 641; *Shuken* v. *Cohen*, 179 Cal. 279 [176 Pac. 447].) In view of the similarity of a joint adventure to a partnership the same rule should be applied here.

The evidence shows that the only obligations of the joint adventure consisted of the portions of the purchase price of parcels of land together with accrued interest and taxes. The contracts of purchase were not collectible at any particular time and immediate payment could not be forced. The principal creditor (the state) was not affected by the division of the assets between the joint adventurers. Further, it fully appears that due to market conditions at the time of the trial the lands could not have been sold advantageously. Under these circumstances the trial court was justified in dividing the property between the adventurers.

▉ Dividing the property and quieting title to it came within the issues presented by the answer, if not those raised by the complaint. Defendants cannot complain because the trial court granted the relief for which they particularly prayed.

▉ Defendants complain because the judgment divested Mrs. Knapp of the record title to some of the land and placed it in either plaintiff or Mr. Knapp.

As we have observed, Mrs. Knapp joined with her husband in written assignments and deeds of interests in various parcels of lands to plaintiff. These documents and her letters show that she knew of the joint adventure, of many of its properties and of plaintiff's interest in them. The evidence does not suggest that she ever claimed to be more than the holder of the bare record title to the various parcels, except to one which she was permitted to keep. Under these circumstances she was merely a trustee holding the record titles to various parcels for the joint adventurers. She was not prejudiced by being divested of those bare record titles.

▉ Defendants complain of a finding to the effect that the trial judge could not make an accounting between the joint adventurers and strike a proper balance on the evidence before him. The evidence would support no other finding. As we have observed, both adventurers contributed money and time to the joint adventure, but how much of either, neither could say. If there was any advantage in the division of the properties it was in favor of Knapp. He re-

ceived property of a total value considerably in excess of that awarded to plaintiff.

The trial court found the values of the various parcels of property which belonged to the joint adventure. Defendants urge that these findings of values are entirely lacking in evidentiary support.

A study of the record discloses that there was no direct testimony introduced at the trial as to the market value of any of the parcels of land. However, it does appear that there was no known market for the land at that time and that there was no prospect of any sales of the land in question, nor had there been recent sales of other similar property; that, therefore, the land had no established market value.

There is evidence of the cost of each parcel of land. Where, as here, the property in question had no established market value at the time of the trial, its cost was some evidence of value. (10 Cal. Jur. 864, and cases cited; *Haley* v. *Traeger*, 92 Cal. App. 360 [268 Pac. 459]; *Davis* v. *Fyfe*, 107 Cal. App. 281 [290 Pac. 468]; *Tatone* v. *Bing*, 12 Cal. App. (2d) 543 [55 Pac. (2d) 933].) There is also evidence of the values placed on various parcels of the property by each adventurer when discussing sales to the city of Los Angeles. There are also a number of letters written by the parties in which values and selling prices of various parcels of the joint adventurers' lands and other similar lands were stated and discussed. It is well settled that an owner of property is competent to testify as to its market value.

While the evidence on the question of market value is far from satisfactory, with this evidence in the record we cannot conclude that there was no evidence upon which the trial court could determine and find the values of the various parcels of land involved in this controversy.

The judgment is affirmed with directions to the trial court to cause the complaint to be amended in accordance with its order made at the trial, as of the date when such order was made.

Barnard, P. J., and Griffin, J., concurred.