[Civ. No. 7053.   Third Dist.   Aug. 14, 1944.]

THE PEOPLE, Respondent, v. MARY W. GORMAN et al., Defendants; JUNE KNAPP, Appellant.

Benjamin Chipkin for Appellant.

Holloway Jones, George C. Hadley, Jack M. Howard, Lincoln V. Johnson and Francis Carr for Respondent.

ADAMS, P. J.—On December 13, 1943, appellant June Knapp filed in the Supreme Court an appeal from a judgment rendered in favor of respondent on January 18, 1943. The record on appeal consists of the clerk's transcript, and two reporter's transcripts of testimony given and proceedings had on September 14, 1942, and August 20, 1940, respectively.

After the filing of the appeal in the Supreme Court the cause was transferred to this court, and on February 5, 1944, appellant filed a notice of motion for an order for "Diminution of Record, Augmentation and Correction of the Record," requesting, among other things, that there be incorporated in the record on appeal what he designated as an "Order of Abatement" made on September 20, 1937, which order was alleged to have been omitted from the clerk's transcript.

A copy of this purported order was attached to the notice of motion and reads as follows: "BY THE COURT:—The Order heretofore made setting this case for trial is vacated, and the case dropped from the Trial Calendar, to be set on motion."

A written "opposition" to appellant's motion was filed by respondent, verified by Lincoln V. Johnson, one of its attorneys, in which it was alleged "That the minute orders of September 27 [20], 1937 and August 20, 1940 are not material to the appeal, or any question to be determined upon the appeal," and that "Said minute orders have no possible relation to the judgment which is the subject of the appeal herein."

Hearing on appellant's motion was had on March 3, 1944, at which time the matter was argued by respective counsel. Counsel for appellant offered and was granted permission to file a copy of the minutes of the trial court dated August 20, 1940, but no copy of the minutes of September 20, 1937, was filed.

On April 6, 1944, respondent, by its counsel, Lincoln V. Johnson, filed herein a notice of motion for augmentation of the record on appeal by adding thereto what was designated as an "Order for Correction of Certain Court Minutes," said order purporting to have been made September 10, 1943, *nunc pro tunc* as of September 20, 1937, and reading as follows:

"KNAPP
vs.          } No. 2620
WATTERSON

## "ORDER FOR CORRECTION OF CERTAIN COURT MINUTES

"It appearing from the Court's own knowledge that the Minutes of the Court as recorded in the Book of Minutes regularly kept are incorrect and incomplete in certain respects and in specified cases:

"IT IS ORDERED that said Minutes be corrected in detail, as follows:

"On page 181 of Book 7 of Minutes of Court under date of September 20th 1937 covering the session of Court convening at 1:30 P. M. of said date, the minutes of the Court are

corrected and amended by adding to the said minute entry the following, which is to be inserted immediately preceding the words 'BY THE COURT :—' It appearing that the same issues are being litigated and still pending before the Supreme Court in the case of Watterson v Knapp and that a determination of the pending case will determine the issues here presented.

"The Minutes are further amended by striking out the words 'BY THE COURT' at the place appearing in said minutes and replacing the same words 'BY THE COURT' immediately after the words 'further argument by counsel for and against abatement.'

"The Minutes of said date are further corrected as to the same date in the preceeding entitled The People of The State of California, Plaintiff v. Mary W. Gorman, et al' to read as follows:—

"Benjamin Chipkin, Esq. Attorney for June Knapp now states that inasmuch as abatement has been ordered in the case of June. Knapp v. Thomas Watterson for the same reasons there should be no further proceedings in this case until the determination of the pending litigation between those parties and he therefore moves that all proceedings herein be abated as the case just preceeding

"BY THE COURT :—Motion granted and the case dropped from the Trial Calendar to be reset on motion.

"The foregoing corrections made by the Court to the end that the Minutes might correctly reflect the proceedings had.

"Dated September 10th, 1943 Nunc Pro Tunc as of September 20th, 1937.

PAT R. PARKER,
Judge"

Respondent's notice of motion alleged that the motion would be made "on the ground that the augmentation of record on appeal is necessary in order to correctly and properly present the record of the proceedings in the lower court." The affidavit of Lincoln V. Johnson in support of his motion alleged that the requested augmentation of the record "is necessary for the reason that said order corrects the record of the proceedings of the lower court and shows the true pro-

ceedings therein had and taken and should be embodied in the record on appeal herein.'' No other reason why said order for correction of minutes should be made a part of the record on this appeal is alleged, nor is it pointed out how or for what reason its inclusion is necessary to a determination of the appeal on its merits, nor why, if the order of September 20, 1937, which appellant sought by her motion to have made a part of the record, was not material, the minutes of September 20, 1937, as amended September 10, 1943, are material. No proceedings prior to August 20, 1940, are incorporated in the reporter's transcripts on file, and the clerk's transcript contains no court minutes whatsoever prior to August 20, 1940.

Opposition to respondent's motion was made by appellant, it being asserted, among her other objections, that the amended minute order is not a true statement of the proceedings had on September 20, 1937, but that said minute order as originally made, and as hereinbefore set forth, is correct; and that the trial court had no authority to make such a change of its minutes, such change being a judicial one and not a correction of a clerical error.

Section 953 of the Code of Civil Procedure provides that ''If it appear that there is any paper or record in the custody of the clerk of the trial court which was before the trial court but which is not included in the record on appeal, and an examination of such paper or record will assist in a determination of the appeal on its merits, the court in which the appeal is pending may, on motion of either party, or on its own motion, require the production of a certified copy of such paper or record, and the same shall thereupon be deemed a part of the record on appeal.''

We cannot refrain from stating that neither respondent's notice of motion nor appellant's opposition thereto, nor the arguments of respective counsel before this court, have served to throw light upon whether the minutes of the trial court of September 20, 1937, ''will assist in a determination of the appeal on its merits''; and we are of the opinion that it is not incumbent upon us, at this stage of the proceeding, to examine the record on appeal in detail, or to anticipate, in advance of the filing of their briefs, what grounds for reversal or affirmation of the judgment counsel for the respec-

tive parties intend to urge when consideration of the appeal on its merits is reached. An examination of the *nunc pro tunc* order itself is insufficient to enlighten us; and, as above stated, counsel for respondent, when opposing the motion of appellant to augment the record by adding thereto the original minutes of September 20, 1937, alleged that same were not material to the appeal or to any question to be determined thereon, and that they had no possible relation to the judgment which is the subject of the appeal. It seems logical to infer that if the original minutes are immaterial, an order correcting them, made long after the entry of the judgment appealed from, is likewise immaterial.

As for appellant's contention, in his opposition to respondent's motion, that the minutes of September 20, 1937, as corrected, are not a true statement of the proceedings had on that date, and that the trial court had no authority to make the changes appearing in the *nunc pro tunc* order, this court cannot on this motion determine what actually transpired on September 20, 1937, nor can it determine whether the trial court had authority to make the purported change in its minutes. If there is error in the record, application to correct it must be made to the court below (2 Cal.Jur. 679). And, as was said in *Stafford* v. *Geary*, 213 Cal. 650, 652 [3 P.2d 10] : "If the order was an improper one, or was improvidently made, a matter on which we express no opinion, it was for the appellant to start the legal machinery by which such an error, if any, might be rectified."

Respondent's motion is denied.

Peek, J., and Thompson, J., concurred.