[Civ. No. 7053.   Third Dist.   Apr. 30, 1945.]

THE PEOPLE, Respondent, v. MARY W. GORMAN et al., Defendants; JUNE KNAPP, Appellant.

Benjamin Chipkin for Appellant.

Lincoln V. Johnson, Francis Carr, Holloway Jones, Geo. C. Hadley, Jack M. Howard and C. R. Montgomery for Respondent.

PEEK, J.—This appeal is the outgrowth of a controversy between appellant June Knapp, her husband E. W. Knapp, and T. G. Watterson, regarding the ownership of certain real property situated in Mono County, which property the State of California, through its Department of Public Works, had condemned for highway purposes, and will be hereinafter referred to as the Mono County case. A second action is also involved and will be designated as the Inyo County case. The facts and circumstances surrounding the two cases are as follows:

The Inyo County case: Approximately two weeks after the state filed its complaint in eminent domain in Mono County, T. G. Watterson filed a complaint in Inyo County wherein he alleged a joint venture between himself and Mr. Knapp and prayed for an accounting and division of the assets thereof. The Knapps joined in a cross-complaint by which they sought, among other things, to quiet their title to the parcels of land involved in said action, which included the property in controversy in the Mono County case. At the conclusion of the hearing on the issues so raised the trial court found " . . . that the defendant, June Knapp, has not now and never did have any right, title, interest, claim, demand or possession, in or to said lands and appurtenances, adverse to plaintiff and defendant, Wannell Knapp. . . ." The judgment of the trial court dissolved the joint venture, partitioned the assets thereof, and quieted the title of both parties to the real property so partitioned. From said judgment the defendants appealed to the District Court of Appeal in and for the Fourth Appellate District, which court, on October 23, 1939, filed its opinion* affirming the judgment of the trial court. It appears from said opinion that said joint venture began approximately ten years prior to the filing of plaintiff's complaint, and had as its principal object the purchase of land and the right to purchase land in Inyo and Mono Counties with the

*Watterson v. Knapp, 35 C.A.2d 283, 95 P.2d 154.

expectation of selling said property at a profit to the Water Department of the City of Los Angeles. Both parties devoted some time and money to the enterprise. Fee title to two tracts was acquired. Certificates of purchase of a number of parcels of state lands were also obtained. Title, or the purchase right, was taken in plaintiff's name to two parcels. The larger number were taken in the name of Wannell Knapp, and in almost every instance he, with June Knapp, his wife, immediately assigned or conveyed an undivided one-half interest in the certificates and the lands to plaintiff. Throughout the entire period the joint adventure was in operation Mr. Knapp, through mesne conveyances, placed title in his wife to all certificates and the lands originally standing in his name. Mrs. Knapp joined with her husband in written assignments and deeds of interest in various parcels of lands to Watterson. These documents and her letters show that she knew of the joint adventure, of many of its properties and of plaintiff's interest in them. The evidence does not suggest that she ever claimed to be more than the holder of the bare record title to the various parcels, except to one which she was permitted to keep. Under these circumstances she was merely a trustee holding the record titles to various parcels for the joint adventurers. The court concluded that she was not prejudiced by being divested of those bare record titles, and affirmed the judgment of the trial court.

The Mono County case: On August 19, 1935, the state filed its action in eminent domain, and among other things alleged that the real property in question was owned by defendants June Knapp as to an undivided one-half interest, and T. G. Watterson as to an undivided one-half interest. On September 3, 1936, June Knapp answered, admitting the one-half interest and denied on information and belief that Watterson was the owner of the other one-half interest. Her husband also answered but disclaimed any interest in the property. The defendant Watterson, by his answer filed on August 26, 1937, denied that June Knapp was the owner of an undivided one-half interest, and affirmatively alleged that he was the sole owner thereof. He further alleged that the interests of all parties were subject to the Inyo County action, and in support thereof attached to his answer a certified copy of the judgment roll in that proceeding. According to the briefs on file herein, on or about September 20, 1937, or approximately one week before the trial date, counsel for the parties

appeared in court and requested that the cause be dropped from the calendar awaiting the decision on the appeal of the Inyo County case which was then pending. The order made by the trial court pursuant to such request was the source of previous appellate proceedings in this court. (*People* v. *Gorman*, 65 Cal.App.2d 482 [150 P.2d 962].)

Judgment in condemnation was entered on June 18, 1940, in favor of Watterson, awarding to him the entire sum of money then on deposit with the clerk of the Superior Court of Mono County pursuant to a stipulation previously entered into between Watterson and the state calling for payment to be made in accordance with the final determination of title in the Inyo County case.

On August 20, 1940, appellant's claim was heard, and at the conclusion thereof the trial court determined that she had no interest in the property and that the proceedings should be dismissed as to her. However, no judgment was entered, and on September 14, 1942, pursuant to an order vacating the previous proceedings in regard to her claim, a further hearing was had and additional evidence taken. The trial court thereafter entered judgment against appellant. Her appeal from that judgment is the case now before this court.

Appellant herein contends (1) that inasmuch as findings of fact and conclusions of law were not waived as stated in the judgment, and as no findings were in fact made, the judgment must be reversed, and (2) that the Inyo County case, upon which the trial court herein predicated its judgment, was not properly before the court; and if it was, it was not decisive of the question of title to the Mono County property in that the Superior Court of Inyo County did not and could not consider the merits of the condemnation case in Mono County; that the parties were not the same, and that res judicata as a defense must be affirmatively alleged.

It is true the record discloses no waiver of findings nor do findings as such appear therein. It is also true that at the time of the argument before this court on appellant's motion to augment the record, this fact was admitted by counsel for the respondent. However, an examination of the judgment of the trial court does disclose the following:

"The Court finds that the District Court of Appeal, Fourth Appellate District, in the action titled *T. G. Watterson, Re-*

spondent vs. *Wannell Knapp et al.,* Appellants (35 C.A.2d 283 [95 P.2d 154]), decided that June Knapp did not have any right, title or interest in and to the NW ¼ of the NE ¼ of Section 16, T. 4 S., R. 27 E., M.D.B.&M., which decision is binding on this Court and decisive of the issues here involved. . . ."

The basic question which was before the court was in regard to the title to the real property. This fact must be conceded. It likewise must be conceded that if the quoted portion of the judgment properly can be construed to be a finding upon that ultimate fact, and we conclude it was, it was not necessary for the court to find expressly upon all the probative facts involved, for the former includes a finding upon all such facts necessary to sustain it. This rule is too well established to warrant specific citation. (24 Cal.Jur. 975, and cases cited.) ■ As said finding was against the appellant on the one fact upon which her case must stand or fall, all other issues as previously stated become entirely immaterial and unnecessary, and failure to find thereon does not constitute reversible error. (*Merrill* v. *Gordon & Harrison,* 208 Cal. 1, 6 [279 P. 996].) ■ If, in any case, there be one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be concluded that the court did rest the judgment upon that finding. (*Bowers* v. *Union Trust Co.,* 117 Cal.App. 259 [3 P.2d 614].)

■ The argument in support of appellant's second contention completely overlooks the amended answers of the state and the defendant Watterson, both of which affirmatively alleged the Inyo County case and its effect upon the Mono County case. The only objection made to the introduction by respondent of a copy of the judgment roll in the Inyo County case was that it was incompetent, irrelevant and immaterial, which objection the trial court properly overruled. Obviously, such record was competent, relevant and material to the issues of the case. In both cases the title of the parties to the land in question was a primary issue for determination. In each instance the proof of title was in the nature of a condition precedent to the recovery of a judgment by the defendant June Knapp. Under such circumstances the statement of the Supreme Court in the case of *Estate of Clark,* 190 Cal. 354, 360 [212 P. 622], is particularly apropos:

"It is well settled that a judgment or decree necessarily

affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes *incidentally* in question in relation to a *different* matter in the same or any other court. (Freeman on Judgments, §§ 249 and 253; *Lamb* v. *Wahlenmaier*, 144 Cal. 91 [103 Am.St.Rep. 66, 77 P. 765]; *Reed* v. *Cross*, 116 Cal. 473, 484 [48 P. 491]; *Atchison & S. F. Ry.* v. *Nelson*, 220 Fed. 53 [135 C.C.A. 621].)''

■ Appellant's further argument in this regard, that the actions being different in character and different relief being sought, is likewise answered in the Clark case, wherein it is said:

''That is to say, 'a matter of fact once adjudicated by a court of competent jurisdiction, concurrent or exclusive, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court, at law, in chancery, in probate or in admiralty, when either party, or the privies of either party, allege anything inconsistent with it, and this too whether the subsequent suit is upon the same or a different cause of action. The facts decided in the first suit cannot be disputed.' (Bigelow on Estoppel, pp. 110, 111, 112; *Rauer* v. *Rynd*, 27 Cal.App. 556 [150 P. 780].)''

Applying this rule to the present controversy the conclusion is inescapable that as the Inyo County case conclusively adjudicated the question of title, such determination operated as an estoppel thereby preventing appellant from alleging anything inconsistent therewith at the hearing in the Mono County case. (*Todhunter* v. *Smith*, 219 Cal. 690, 695 [28 P.2d 916].)

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied May 29, 1945, and appellant's petition for a hearing by the Supreme Court was denied June 28, 1945. Schauer, J., voted for a hearing.