## GARR. *v.* REDMAN.

A bill for an account is the proper remedy for the settlement of the proceeds of a joint adventure, where in consideration of outfit and advances made by plaintiff, the defendant agreed to account for and pay over a proportion of the proceeds of his labor and speculations of every kind for a certain period of time ; although the parties may not have been technically partners.

Nor is it a misjoinder of causes of action to demand, in the same action, that defendant account for and refund a proportion of the outfit and advances made by plaintiff, as agreed in the same contract.

APPEAL from the District Court of the Third Judicial District. County of Santa Clara.

The plaintiff filed his bill for a settlement and account against J. W. Redman and G. E. Brittain, setting forth in his complaint a contract of partnership, made between the parties in the State of Missouri, to the performance of the conditions of which the parties bind themselves in the penal sum of $50,000, and which recites that the plaintiff had made a certain advance of money for the outfit of defendants to enable them

to come to California, in consideration of which the plaintiff was to have one-third of the profits arising from all the labors, speculations, and undertakings of the defendants for two years, the defendants agreeing to devote their labor and attention for that time to the co-partnership adadventure, and the defendant Redman agreeing to refund one-third of the outfit.

The bill sets forth that the defendants have acquired property, both real and personal, during said partnership, and also since its expiration, by using the proceeds of the property acquired during its existence; and prays for an account, and for judgment for the amount found due.

Redman demurred to the complaint as not setting forth any cause of action, there not appearing therein that any co-partnership existed between the parties, and also for a misjoinder of cause of action.

The Court below sustained the demurrer, and entered judgment dismissing plaintiff's bill. Plaintiff appealed.

*C. H. Bryan* for Appellant.

As to there being two causes of action improperly joined in the complaint—it being suit brought upon an adventure to California, and also that amongst the allegations for contribution is a charge against Redman for his third of the outfit to California:

It would be very strange that a person demanding a settlement under his contract, and alleging that a share of the profits of the venture, as well as a part of the outfit due from one of the co-partners, was due him under the contract, could not call for a settlement of the whole in the same complaint.

Respondent's counsel next contends that they are not co-partners, because there is not a community of losses as well as profits.

We care not in this case whether they are co-partners or not. Redman and Brittain, the defendants below, obtain the money of Garr, to enable them to reach California, agreeing to share the profits of the venture with Garr, the plaintiff below, if any are made.

This is the contract, and by this they are bound, whether strictly co-partners or not. The cases cited by respondent's counsel have no bearing upon such a case as this.

*W. T. Wallace* for Respondent.

1. By the sixty-fourth section of the Practice Act, the plaintiff is allowed to unite several causes of action in the same complaint, when they all arise out of *contracts, express or implied;* "but the causes of action, so united, shall affect all the parties to the action," etc. 7th subdivision of the same, § 64, Practice Act.

It will be borne in mind that this is a suit brought against the respondent, Redman, and one Brittain, by the appellant, Garr, in which Garr claims to be a co-partner of Redman and Brittain, and prays that he have an account, etc., and that the profits of the partnership be divided among the parties; and he also, in the same suit, claims to re-

cover of Redman money loaned to him individually, and in which Brittain had no interest whatever.

2. The instrument of writing set out in the complaint is not such as in law constitutes the parties co-partners, so as to enable the plaintiff to maintain a suit for the settlement of the alleged partnership. Wilson v. Campbell, 5 Gilman, 383.

In order to constitute a partnership, a communion of profits and loss between all the parties is essential. 1 Ham., Ohio, 84; 1 H. Blackstone, 43–48; 2 ib., 247; 1 Montague on Partnership, p. 2.

It is not true that all who participate in the profits of a concern or adventure, are to be considered as partners. Rice v. Austin, 17 Mass., 205.

For a construction of agreement similar to this, and which were held not to constitute partnerships, see 14 Pick., 194; 12 Conn., 76; Dry v. Boswell, 1 Camp., 329; 24 Pick., 14; Johnson v. Miller, 16 Ohio, 436.

Case in which the parties styled themselves as "partners," and Court decided that they were not. 4 Pike, 426. See, also, 3 Hill, 163; 5 Denio, 68; 4 Paige, 148; 5 Daunton, 74; 3 Wash. C. C. R., 110.

The manifest intention and effect of the agreement is not to constitute a partnership. No capital stock, as such, is furnished by any one. Garr furnishes the outfit for each—Brittain and Redman—as a mode of compensation, or measure of interest, on a hazardous advance made by him; he is to receive one-third of what Brittain and Redman may make in California.

But here Garr was not, in fact, a partner: nor was he even holden out to the world as such, and he has not incurred any of the obligations or liabilities which attach to that relation. He has no right, therefore, to call for an account in equity. If he has any remedy, it is at law, and he has the bond of Redman and Brittain, with a heavy penalty inserted, to secure the performance upon their part of the contract sued on.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

The Court erred in sustaining the demurrer to the bill of complaint.

It was properly filed for an account, whether the parties were technically partners or not. The character of the contract set out in the bill made an account necessary to determine their respective rights.

Nor is there any misjoinder of causes of action. The claim which, it is urged, is single against one of the defendants, forms part of the same subject matter, arising as it does out of the joint contract.

The judgment is reversed, and the cause remanded.