[S. F. No. 1212.   Department Ore.—February 15, 1900.]

H. C. DUKES, Appellant, v. MARY EMMA KELLOGG et al.,
Respondents.

PARTNERSHIP — ACTION AT LAW BY PARTNER — PLEADING — ACCOUNTING
AND SETTLEMENT.—A partner cannot sue his copartners in an action
at law, unless an accounting and settlement of the partnership
accounts is alleged in the complaint.

ID.—ACTION FOR AGREED SALARY — INSUFFICIENT COMPLAINT.—A com-
plaint in an action by a partner against his copartners to re-
cover the amount of an agreed salary, payable ·out of moneys
received by the partnership in the prosecution of its business,
which merely alleges an unpaid balance of salary, and that the
other copartners collected moneys largely in excess thereof, but
which does not allege an accounting and settlement of the part-
nership, nor sue therefor, does not state a cause of action.

ID.—TRUSTEESHIP FOR PLAINTIFF — INDEBTEDNESS OF PARTNERSHIP —
RIGHTS OF CREDITORS.—It not appearing in the complaint what was
the condition of the indebtedness of the partnership, it cannot
be claimed that the copartners were trustees for the plaintiff of
a specific fund.   Outside creditors of the partnership are enti-
tled, upon an accounting, to be paid in preference to the plain-
tiff; and an accounting is necessary to settle the claims of the
creditors of the partnership, and the rights of the individual
partners as between themselves.

ID.—AMENDMENT OF COMPLAINT—REPEATED OPPORTUNITIES—DISCRETION
OF COURT.—The allowance of amended pleadings is largely in the
discretion of the court; and where the plaintiff had been allowed
three opportunities to amend his complaint, and had failed to
make it sufficient, and a further proposed amended complaint
was not tendered by him to the court for its inspection, it is
not an abuse of the discretion of the court, nor erroneous, to
refuse to permit any further amendment.

APPEAL from a judgment of the Superior Court of Alameda
County.   John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, for Appellant.

Naphtaly, Freidenrich & Ackerman, Joseph C. Meyerstein,
and L. E. Phillips, for Respondents.

GAROUTTE, J.—The question presented by this appeal

arises upon the sufficiency of the complaint. Plaintiff alleges, among other matters, that he and defendants Babcock and Calvin W. Kellogg (now deceased) formed a partnership under the firm name of the "Oakland Institute" for the treatment and cure of the alcohol, opium, morphine, and tobacco habits; that it was agreed that the plaintiff should hold the position of medical director of the partnership at a monthly salary of one hundred and fifty dollars, payable from the moneys received from patients and patrons of the partnership; that under this agreement there became due plaintiff two thousand four hundred dollars; that a sum greatly in excess of the aforesaid amount was paid by the patrons and patients to the partnership; that said Babcock and Kellogg "received and retained and used said moneys, and ever since have unlawfully and wrongfully detained the same from plaintiff, and ever since have refused and neglected to pay to plaintiff the amount due him under the terms of said agreement." A special and general demurrer was sustained to this complaint. We pass to an inspection of the pleadings in view of that demurrer.

No accounting and settlement of the partnership accounts is alleged, and under such circumstances one partner may not sue his copartners in an action at law. (*Ross v. Cornell*, 45 Cal. 133.) Under the allegations of the complaint, we see nothing here but a plain, simple, ordinary partnership between these three parties. It does not appear from the pleading but that there were many outstanding debts against the partnership. Indeed, the partnership may have been totally insolvent. Outside creditors are entitled to be paid before plaintiff, and an accounting is the only procedure by which an adjudication upon all these matters may be procured. The facts, stated broadly, are that Babcock and Kellogg converted to their own use certain moneys of the partnership, and that these moneys, or their equivalent, plaintiff seeks to recover from his partners to be applied upon his salary. But perchance plaintiff at all these times was indebted to the partnership. Perchance defendants at all these times were large creditors of the partnership. These things all go to show that only by an accounting may these matters be apportioned and adjudicated upon. In view of what has been said, and in view of the facts as we have stated them,

we see nothing in the claim that defendants were trustees of a specific fund, which condition had the effect of eliminating all question of partnership from the case.

The power of the court in allowing parties to an action to file amended pleadings is largely a matter of discretion. Here plaintiff had three opportunities to make a good complaint and failed. Three failures to make a good complaint fairly indicate that a fourth attempt would also be unavailing. The proposed amendment, or proposed amended pleading, was not tendered to the court for inspection, and we see nothing erroneous in the action of the court in refusing to allow further amendments. The failure to make a good pleading probably arises in a lack of facts rather than in the fault of the pleader.

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.