### H. B. CLAFLIN CO. v. GROSS et al.

(Circuit Court of Appeals, Third Circuit. December 23, 1901.)

No. 16.

PARTNERSHIP AGREEMENT—WRITTEN CONTRACT—CONSTRUCTION.

A contract, after reciting that an existing firm, composed of two of the signers, desired more capital, and that another of the signers had already indorsed for the firm; and that the fourth signer was willing to indorse the firm paper to the same amount, provided that the last signer should indorse when requested to such amount, and that the three should each receive from the firm a weekly salary of $20, and that the fourth should receive a like sum, less the discount on the firm's paper indorsed by him, and that at the end of five years an inventory should be taken, and the assets, less liabilities, should be divided into four equal parts among the members. *Held*, that such agreement constituted a partnership between the four, rendering them liable for firm debts.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Frank P. Prichard, for plaintiff in error.

E. Cooper Shapley, for defendants in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This was an action by the H. B. Claflin Company against Augustus S. Gross, George A. Barnitz,

James S. Mackie, and J. Luther Gallatin upon promissory notes amounting to $26,999.48, signed in the name of J. Luther Gallatin alone, but alleged by the plaintiff to have been given by a firm trading in the name of J. Luther Gallatin, but really consisting of the four defendants. It was shown that on June 21, 1897, two of the defendants, Augustus S. Gross and James S. Mackie, by written articles of partnership formed a firm to carry on the business of the "Boston Store," at York, Pa., under the name of Gross, Mackie & Co., the firm to continue for the term of three years. It further appeared that on August 18, 1897, the four defendants in this suit entered into the following written agreement:

"Articles of agreement made this 18th day of August, 1897, between Augustus S. Gross, James S. Mackie, J. Luther Gallatin, and Geo. A. Barnitz, all of the city of York, York county, Pennsylvania. witnesseth: That whereas, it is desirable that there be more cash capital for the use of the firm of Gross, Mackie & Co., consisting of Aug. S. Gross and Jas. S. Mackie; and whereas, the said J. Luther Gallatin has already indorsed for said firm of Gross, Mackie & Co. the sum of ten thousand dollars; and whereas, the said Geo. A. Barnitz is willing to indorse the negotiable paper of said Gross, Mackie & Co. to the extent of ten thousand dollars: It is hereby agreed by and between the parties aforesaid, and each and all of them, their executors, administrators, and assigns, that the said Geo. A. Barnitz is to indorse the negotiable papers of said firm of Gross, Mackie & Co., or any renewal of said paper, when requested so to do, provided that his total liability as such indorser shall not exceed ten thousand dollars at any one time. That the said Augustus S. Gross, Jas. S. Mackie, and J. Luther Gallatin shall receive a salary from said firm of Gross, Mackie & Co., the sum of twenty dollars per week, payable weekly, each. The said Geo. A. Barnitz is to receive from the firm of Gross, Mackie & Co. the sum of twenty dollars per week, payable weekly, less the amount of interest or discount paid on the paper indorsed by him for said firm. That at the end of five years from the date of this agreement a just and true inventory shall be taken of the stock, books, accounts, and assets of Gross, Mackie & Co., and after the payment of all liabilities the balance remaining is to be divided into four equal parts to and among the parties hereto. This agreement is to continue and be in force for the term of five years from the date hereof, unless it is agreed by all parties concerned to form a new partnership at the end of four years. In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above named.

| "Aug. S. Gross. | [Seal.] |
| "James S. Mackie. | [Seal.] |
| "J. Luther Gallatin. | [Seal.] |
| "Geo. A. Barnitz. | [Seal.]" |

The plaintiff gave evidence tending to show that the business was carried on by the four defendants under this agreement of August 18, 1897, without change, except in the style of the firm from Gross, Mackie & Co. to J. Luther Gallatin, and an increase of the weekly allowance to Barnitz, until November 16, 1899, when involuntary proceedings in bankruptcy were instituted against J. Luther Gallatin, in which he was adjudged a bankrupt. On the other hand, the defendants gave evidence tending to show that the agreement of August 18, 1897, was wholly terminated on November 1, 1898, by the verbal agreement and acts of all the defendants, and that nothing thereafter was done under it. The court, however, submitted no question of fact to the jury, but directed a verdict for the defendants. The ground for this binding instruction is not

stated in the record, but evidently it was because the court was of opinion that the agreement of August 18, 1897, did not create a partnership relation between the four parties thereto. As the case is presented by this record, the only question we are called on to consider is whether by the terms of the written agreement of August 18, 1897, the parties thereto, the four defendants in this suit, were constituted partners as to creditors in respect to the business carried on under it.

In Meehan v. Valentine, 145 U. S. 611, 618, 623, 12 Sup. Ct. 972, 973, 975, 36 L. Ed. 835, 839, 841, the supreme court, speaking by Mr. Justice Gray, said:

"The requisites of a partnership are that the parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits. Ward v. Thompson, 22 How. 330, 334, 16 L. Ed. 249."

And again the court said:

"In the present state of the law upon this subject, it may perhaps be doubted whether any more precise general rule can be laid down than as indicated at the beginning of this opinion, that those persons are partners who contribute either property or money to carry on a joint business for their common benefit, and who own and share the profits thereof in certain proportions. If they do this, the incidents or consequences follow that the acts of one in conducting the partnership business are the acts of all; that each is agent of the firm and for the other partners; that each receives part of the profits as profits, and takes part of the fund to which the creditors of the partnership have a right to look for the payment of their debts; that all are liable as partners upon contracts made by any of them with third persons within the scope of the partnership business; and that even an express stipulation between them that one shall not be so liable, though good between themselves, is ineffectual as against third persons, and participating in profits is presumptive, but not conclusive, evidence of partnership."

Let us apply these principles to the written agreement between the four defendants, Gross, Mackie, Gallatin, and Barnitz, of August 18, 1897, and see to what conclusion we are brought. After the recitals that the existing firm of Gross, Mackie & Co., composed of Gross and Mackie, desires more capital, that Gallatin has already indorsed for the firm the sum of $10,000, and that Barnitz is willing to indorse the firm paper to the same amount, it is stipulated, by and between the four named parties, that Barnitz shall indorse the negotiable paper of the firm, and renewals thereof, when requested so to do, to an amount not exceeding $10,000 at any one time; that Gross, Mackie, and Gallatin shall each receive from the firm a salary of $20 per week; that Barnitz shall receive from the firm the sum of $20 per week, less the discount on the firm's paper indorsed by him; and that at the end of five years an inventory shall be taken of the stock, book accounts, and assets of the firm, and, after payment of all liabilities, the balance remaining shall be divided into four equal parts to and among the parties to the agreement. What requisite of a partnership is here lacking? The four parties join together to carry on a business for their common benefit, Gross and Mackie contributing the capital with which they had been trading, Gallatin having furnished by his credit additional capital, and

Barnitz agreeing to furnish still more capital by means of his indorsements, and the four having a community of interest in the profits and also in the firm's stock and assets; for it will be perceived that not only are the parties respectively to receive the stipulated weekly sum, but at the end of five years, after the payment of liabilities, the remaining stock, book accounts, and assets of the firm (including of course accumulated profits) are to be divided equally among the four parties. This, it seems to us, gave to each of the parties a proprietary interest in the business and its profits and in the assets of the firm.

If this paper did not create a partnership relation between Barnitz and his associates in the enterprise, what contract relation between them did it create? Considering the paper as a whole, we find it impossible to treat it as merely providing for the payment to Barnitz of a share of the profits as a measure of compensation for services rendered to the business or for the use of money loaned or furnished in aid of the enterprise. There is, we think, no escape from the conclusion that by the terms of the written agreement Barnitz was a principal in the business conducted under it. It is clear to us that the written agreement of August 18, 1897, upon its face imports a partnership between the four persons who executed the paper.

What the parties might see fit to designate their contract relation of course would not be controlling; yet it is worthy of note that the agreement closes thus: "This agreement is to continue and be in force for the term of five years from the date hereof, unless it is agreed by all parties concerned to form a new partnership at the end of four years." We do not see how these concluding words can be applied to anything else than the contract relation created by the agreement of August 18, 1897. The original partnership between Gross and Mackie by its terms would have expired before "the end of four years" mentioned, even if that partnership had not been superseded by the agreement of August 18, 1897.

Upon our reading of the written agreement of August 18, 1897, we are constrained to hold that the learned trial judge was not justified in giving binding instructions to the jury to render a verdict for the defendants. Therefore the judgment of the circuit court is reversed, and the cause is remanded to that court, with direction to set aside the verdict and grant a new trial.