[L. A. No. 4235.   Department Two.—April 17, 1918.]

C. E. BUTLER, Guardian, etc., Respondent, v. UNION TRUST COMPANY, Executor, etc., Appellant.

PARTNERSHIP—JOINT ADVENTURE—ACTION FOR ACCOUNTING—PLEADING—VARIANCE.—A joint adventure is similar to a partnership, and the right to an accounting of profits in accordance with the agreement therefor and the mutual obligations of the parties are governed by the same rules of law, and therefore, where in an action to dissolve an alleged partnership the facts proved showed a joint adventure but not a partnership, the trial court did not err in refusing a nonsuit and proceeding to take an accounting.

ID.—APPEAL—FINDINGS OF FACT—CONFLICTING EVIDENCE.—Findings of fact in such case, on conflicting evidence, are conclusive on appeal.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

A. J. Morganstern, for Appellant.

Clifford C. Pease, and Luce & Luce, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—The purpose of this action, brought by I. J. Grossman, for whom, as plaintiff, C. E. Butler, his guardian, has been substituted, was to dissolve an alleged partnership, secure an accounting of profits accruing therefrom, and recover damages alleged to have been sustained by reason of the acts of G. A. Williams, now deceased, and for whom, as such defendant, the Union Trust Company, as executor of his estate, has been substituted, which prevented plaintiff from carrying out the terms of the partnership agreement. Judgment was rendered for plaintiff, and the court denying defendant's motion for a new trial, he prosecutes this appeal from such order.

As found by the court (reference being had to the original parties to the action), plaintiff was a skilled designer and manufacturing furrier, but without means to purchase material or conduct such business. In February, 1913, he and the defendant entered into an agreement whereby the former was to contribute his labor and skill, and defendant should advance the necessary money for the purchase of material and to pay the expenses of conducting the business of manufacturing fur garments in a shop therefor provided by defendant, and advance to plaintiff for his personal expenses the sum of $15 per week; the goods so manufactured to be sold by defendant at his storeroom, where he conducted another line of business. The conduct of the business was to continue until January 1, 1914, at which time the net profits, less such sums as defendant had advanced to plaintiff for personal expenses, were to be equally divided between the parties.

Issue was joined upon the question as to the existence of the alleged partnership, and at the trial the court suggested that such issue be first determined before entering upon an inquiry as to the accounting prayed for. Thereupon, evidence was introduced touching the issue, at the close of which the court indicated that the transaction between the parties did not constitute a copartnership. Thereupon, defendant moved for a nonsuit upon the ground that the cause of action was based upon the theory that a partnership existed, out of which there arose the responsibility of one party to the other, and since, in the opinion of the court, the facts did not justify such theory, there was nothing on which to base an accounting. This motion was denied, the court holding that while no partnership was created, facts were established which en-

titled plaintiff to an accounting upon the theory that the arrangement had between the parties constituted a joint adventure in which the rights of the parties to an accounting were of a similar nature to what they would be were it found that a partnership existed. Continuing the trial, the court found the facts substantially as alleged in the complaint, and further found that they did not constitute an agreement of partnership, but did constitute a joint adventure between plaintiff and defendant; that plaintiff complied with his part of the agreement in devoting all of his time, skill, and labor in fulfillment of the terms thereof, and, save and except as prevented by defendant, fully performed the same, until about September 1, 1913, when, during the night-time, defendant, without just cause, knowledge, or consent of plaintiff, entered the shop where the business was conducted and removed therefrom all of the goods theretofore purchased by defendant pursuant to the agreement to be used by plaintiff in the manufacture of fur garments, including garments made up by plaintiff, and took the same to his storeroom, thus depriving plaintiff of the opportunity to continue the business, and appropriated to his own use and exclusive control the garments which plaintiff by his labor and skill had manufactured, as well as the raw material in stock.

While there is a sharp conflict in the evidence, and proof of the allegations of the complaint is based largely upon the testimony of plaintiff who, by reason of his lack of acquaintance with the English language, appears to have been somewhat vague and uncertain in expressing himself, it is nevertheless, when taken in connection with other testimony which tended to corroborate his story, sufficient to justify the findings made by the court.

This being true, we are brought to a consideration of the chief error upon which defendant bases his claim for a reversal namely: that the court erred in its refusal to grant the nonsuit upon indicating that the evidence failed to establish the existence of a copartnership. In our opinion, there is no merit in this contention. In his complaint plaintiff alleged facts which he claimed created a copartnership. These facts were found to be true. But the court also found that they did not constitute a partnership, but a joint adventure. It is sometimes a close question whether a transaction constitutes a partnership or a joint adventure. (*Jackson* v. *Hooper,* 76

N. J. Eq. 185, [74 Atl. 130], and cases cited.)  A joint adventure, however, is similar to a partnership, and, being of a similar nature, the right to an accounting of profits in accordance with the agreement therefor and the obligations growing out of such agreement between the parties are governed by the same rules of law.  (23 Cyc. 453; *Petrie* v. *Torrent*, 88 Mich. 43, [49 N. W. 1076]; *Causten* v. *Barnette,* 49 Wash. 659, [96 Pac. 225]; *H. B. Claflin Co.* v. *Gross*, 112 Fed. 386, [50 C. C. A. 300].)  Whether the parties were technically partners or not, an accounting was necessary to determine their respective rights.  (*Garr* v. *Redman*, 6 Cal. 574.)  Clearly, plaintiff by reason of contributing his labor and skill in the common venture was, under the agreement, entitled to his share of the net profits of the business, the conduct of which being terminated by defendant, could only be ascertained upon an examination and settlement of the accounts of the business, precisely. the same as though a partnership had existed.  Since the facts alleged and found entitled the plaintiff to an accounting for the purpose of determining what were the net profits of the venture, the fact that the agreement and transactions had between the parties did not, as found by the court, constitute a copartnership in the strict sense, is wholly immaterial.  In no event, even were error conceded, could defendant be prejudiced by reason of the ruling.

As a result of the accounting had and taken, the court also found that defendant was indebted to plaintiff in the sum of $343.55 for his share of the net profits of the business during the time it was conducted, and that plaintiff was damaged in the sum of $250 by reason of defendant's breach of the agreement in wrongfully taking possession of and removing from plaintiff's shop the stock of goods and manufactured fur garments, on September 1, 1913, thus preventing a continuance of the business to January 1st, in accordance with the agreement.  These findings are based upon conflicting evidence, as to which the determination of the trial court must be deemed conclusive.

The order denying defendant's motion for a new trial is affirmed.

Melvin, J., and Wilbur, J., concurred.