[Civ. No. 3144.   Second Appellate District, Division One.—December 17, 1919.]

## S. E. McPHERSON, Respondent, v. GREAT WESTERN MILLING COMPANY (a Corporation), Appellant.

[1] Contracts—Conduct of Mercantile Business—Relationship of Parties.—Where by the terms of a written agreement between two parties it is provided that one of them shall, in addition to his services as manager of a mercantile business owned by the other, furnish the livestock, wagons, trucks and equipment with feed and oil, the use of which is required in conducting the business, and as full compensation therefor, including his services, he should receive one-half of the net proceeds derived from the business, it being

further expressly provided that he is not a copartner and has no interest whatever in the assets of the business, the relationship of the parties is not that of a partnership, but that of employee and employer.

[2] Claim and Delivery—Pledge as Security—Denial of Indebtedness—Right to Accounting—Pleading.—Where a plaintiff sues in claim and delivery for property pledged as security for an indebtedness, alleging that it has been paid or that nothing is due thereon, and defendant contents himself with a mere denial thereof, he is in no position to assert that an accounting should be had as a condition of plaintiff's right to recover the chattels. If an accounting, other than such as is incidental and necessary to a determination of the issue as to the alleged indebtedness, is deemed necessary by defendant, then it should, in its answer, set up the facts upon which a demand therefor should be based.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert M. Norton, Chas. Greenberg and H. G. Ames for Appellant.

F. C. Drumm and H. C. Head for Respondent.

SHAW, J.—In this action for claim and delivery for certain personal property a judgment was entered in favor of plaintiff, from which defendant appeals.

It appears that defendant was the owner of a mercantile business under the name of the Orange County Supply Company, and on June 21, 1915, it entered into a written agreement with plaintiff, by the terms of which it was provided that plaintiff should, in addition to his services as manager of the enterprise, furnish the livestock, wagons, trucks, and equipment with feed and oil, the use of which was required in conducting the business, and as full compensation therefor, including his services, he should receive one-half of the net proceeds derived from the business, subject to the termination of the contract at any time by defendant; it being further expressly provided that he was not a copartner and had no interest whatever in the assets of the business of which defendant was declared to be the sole proprietor. The contract also provided that

plaintiff should execute a bond to defendant in the penal sum of two thousand five hundred dollars.

The subject of the action was five head of horses, two wagons, two sets of harness, and one set of wagon scales, all of which, except the last-mentioned chattel, were, as alleged in the complaint, made the subject of a bill of sale executed by plaintiff to defendant on July 1, 1915, in lieu of and instead of the bond, provision for which was made in the contract.

In accordance with the allegations of the complaint, the court found that the transfer of title to the property was in pledge to secure any indebtedness of plaintiff to defendant and arising out of the former's conduct of the business; that on December 31, 1915, the relation existing between the parties under said contract was terminated; that plaintiff at all times was in possession of the property until about January 14, 1916, when defendant wrongfully took possession of the same; that at said time plaintiff was not indebted to defendant in any sum whatsoever. No attack is made upon these and other findings, which clearly support the judgment.

Conceding, if nothing was due from plaintiff to defendant, the latter's act in taking the chattels was wrongful, appellant's sole contention is that the business relations of the parties was in the nature of a copartnership in that it was a joint adventure, and hence the action should have been one for an accounting instead of a claim and delivery, citing *Dukes* v. *Kellogg,* 127 Cal. 563, [60 Pac. 44], **[1]** The relationship of the parties was not that of a partnership. Not only is such theory excluded by the express language of the contract, but under the terms thereof plaintiff had no interest in the business nor its assets; nor could he be held liable by the creditors of the corporation for anything whatsoever. He was merely defendant's employee, whose compensation was one-half of the net proceeds derived from the business. In 1 Cyc., page 407, it is said: "Under a contract whereby a person is to have a share in the profits of a transaction, whether his remedy may be *assumpsit* or must be account depends upon whether he had any property in the chattels, and so in the specific money for which they are sold, or whether the form of contract is only a mode of determining compensation for labor. In the latter

case the remedy is by an action of *assumpsit.*'' Nevertheless the nature of a transaction, as shown by the pleadings, may be such that, in ascertaining whether or not anything is due, there must be an inquiry in the nature of an accounting. (*Butler* v. *Union Trust Co.*, 178 Cal. 195, [172 Pac. 601].) **[2]** Where, as here, however, a plaintiff sues in claim and delivery for property pledged as security for an indebtedness, alleging that it has been paid or that nothing is due thereon, and defendant contents himself with a mere denial thereof, he is in no position to assert that an accounting should be had as a condition of plaintiff's right to recover the chattels. If an accounting, other than such as was incidental and necessary to a determination of the issue as to the alleged indebtedness, was deemed necessary by defendant, then it should, in its answer, have set up the facts upon which a demand therefor should have been based. Notwithstanding the clear-cut issue joined, the defendant was entitled to produce any evidence tending to controvert plaintiff's allegation. (*Walsh* v. *McKeen,* 75 Cal. 522, [17 Pac. 673].) Having this right and in the absence of any showing that it was precluded from introducing such evidence, we must assume the inquiry to have been sufficiently broad to justify the court in the conclusion reached.

In its answer defendant alleged the pendency of another action for an accounting of the affairs of said parties growing out of their relations created by the contract. For what purpose this allegation was inserted in the answer is not made to appear. However, it was permitted to introduce a copy of the complaint in an action brought by plaintiff against defendant to recover the sum of $1,327.32, alleged to be due him in part as his share of the net profits of the business. Even if the pendency of the suit as alleged constituted a defense to the action, the proof offered wholly failed to sustain the allegation, since it appears from the complaint offered in evidence the action therein was not for an accounting, but in *assumpsit* to recover money alleged to be due plaintiff from defendant.

In our opinion, the relation between the parties did not constitute a copartnership. Nor, as a condition of maintaining the action, are any facts stated in the pleadings requiring, as in the case of a partnership, an accounting

other than that which the court made in determining the issue as to indebtedness.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.