[Civ. No. 7962. First Appellate District, Division Two.—May 24, 1932.]

GIOVANNI DEMATTEI, Appellant, v. GUISEPPE LAGOMARSINO et al., Respondents.

Raymond D. Williamson for Appellant.

Joseph J. Bullock for Respondents.

SPENCE, J.—Plaintiff's complaint contained two counts. The first was for the alleged agreed rental of certain lands and the second was for the alleged reasonable rental value of said lands. Upon a trial by the court sitting without a jury defendants had judgment, from which judgment plaintiff appeals.

The record discloses that plaintiff had previously brought an action against the defendants seeking an accounting and settlement of their partnership affairs. In that action it was alleged by plaintiff and admitted by defendants that the parties had formed a partnership and engaged in the vegetable and truck gardening business. Although a minute order was made in that action ordering judgment in favor of defendants, the record before us does not disclose whether judgment was ever entered or whether any further proceedings were had therein. Thereafter plaintiff brought the

present action seeking to recover from defendants upon common counts. A bill of particulars was demanded and furnished. It appears from said bill of particulars that plaintiff was seeking to recover from defendants two-thirds of certain rentals and other charges which he claimed to have paid in connection with the partnership affairs. Upon the trial the uncontradicted testimony of plaintiff and his witnesses showed that plaintiff and defendants had been partners and that their partnership affairs had never been settled. The trial court made no findings of fact, but entered the judgment for defendants.

In the light of the record before us, which contains no findings of fact, we are at a loss to understand appellant's contention that "there is no evidence to sustain the findings". The evidence is briefly reviewed in appellant's brief and the further contention is made that the evidence established a *prima facie* case and that the trial court erred in rendering judgment for defendants. We find no merit in this contention and we do not believe that a reversal is required by reason of the trial court's failure to make findings of fact. As the evidence showed without conflict that in this action at law appellant was attempting to recover from his copartners an amount claimed to be due to him by reason of partnership transactions before any settlement of the partnership affairs had been made, he cannot prevail. It is well settled that such matters must be adjusted in an action for an accounting and that an action at law cannot be maintained for that purpose. (*De Rigne* v. *Hart*, 94 Cal. App. 209 [270 Pac. 1013]; *Dukes* v. *Kellogg*, 127 Cal. 563 [60 Pac. 44]; 20 Cal. Jur. 759.)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.