[Civ. No. 11390.   First Appellate District, Division One.—February 14, 1941.]

JOSEPH CRUDO, Respondent, v. VINCENT GUIDA, Appellant.

Ephriam Adams for Appellant.

Frank V. Kington for Respondent.

KNIGHT, J.—Defendant appeals from a judgment for plaintiff based on an indebtedness growing out of the dissolution of a partnership. The principal questions involved relate to matters of pleading and proof.

The action was filed in the justice's court, the complaint being in the form of a common count, alleging that defendant became indebted to plaintiff in the sum of $200 for money had and received from one Harry Friend, for plaintiff's use and benefit. Answering, defendant denied the allegations of the complaint, and by way of special defense and cross-complaint alleged that plaintiff and defendant were partners in the real estate business in Redwood City; that there had been a dissolution of the partnership, but no accounting or settlement between the partners; that the claim sued upon by plaintiff arose out of partnership business, and that in fact plaintiff was indebted to defendant in a sum exceeding that claimed by plaintiff; wherefore defendant prayed "that an accounting be had between the parties settling their respective rights and obligations; [and] that until such accounting is had this action be dismissed. . . . " Plaintiff's answer to the cross-complaint consisted merely of a denial that he was indebted to defendant in any sum. Upon the filing of said answer the cause was certified to and subsequently tried in the superior court. Judgment was entered in plaintiff's favor for the sum for which he sued, and denying the relief prayed for in the cross-complaint. The basic findings were: That the partnership was dissolved by the parties on June 22, 1938; that "as a part of the transaction dissolving

said partnership, said defendant and cross-complainant sold his rights in said business together with the furniture and good will thereof, excepting therefrom one desk which became the sole property of said defendant; and said parties then and there divided and distributed between them the remaining assets of said business excepting the claim or right to real estate broker's commission of Four Hundred ($400.00) owing and to be paid by the Friend Realty Company, Incorporated, to said partnership; that upon said dissolution and division of assets, it was agreed between said parties that when paid by said Friend Realty Company, Incorporated, said sum of Four Hundred ($400.00) Dollars should be divided between said parties hereto; that all the affairs of said partnership have been and were on said June 22, 1938, fully accounted for and settled, except as hereinabove found respecting said sum of Four Hundred ($400.00) dollars.''

Defendant's first contention is that the complaint failed to state a cause of action in that it contained no allegation that there had been an accounting or settlement of the partnership affairs. There is no merit in the contention. Where, as in the case of *Dukes* v. *Kellogg,* 127 Cal. 563 [60 Pac. 44], cited by defendant, the complaint alleges facts showing the formation of a partnership and it appears that the subject matter of the action involves a partnership transaction, it is then essential to allege also that there has been an accounting and settlement of the partnership affairs. But obviously that rule has no application to a case such as this, where the action is based on the theory that a final settlement has been had and the complaint is in the form of a common count for money had and received. If under such circumstances a defendant claims that the debt sued upon is part of unsettled partnership transactions he may, as was done here, raise the issue by way of special defense or cross-complaint, or both.

The second point made by defendant, as stated by him, is "that the absence of an accounting as set forth in the cross-complaint was admitted by the pleadings in that the same was not denied by the answer thereto". Doubtless that is true, but defendant fails to point out wherein he was prejudiced by the failure so to deny. Quite to the contrary, the record shows that when the cause came on for trial before the superior court the issue of whether or not there had been an ac-

counting was treated by both sides and the court as an open one; evidence was introduced by the respective parties on that issue, and findings were made thereon. Under such circumstances defendant is not in a position to complain for the first time on appeal.

Defendant's next contention is that the evidence does not support the findings. In this connection it may be stated that neither party explained in detail the circumstances attending the dissolution and the alleged accounting and settlement, so that the evidence in this regard is somewhat vague. Moreover, it appears, contrary to the implication conveyed by a portion of the findings, that the disputed $400 commission was actually paid to defendant prior to and not after the dissolution, and that plaintiff was aware of such fact at the time of the sale of defendant's interest in the business to plaintiff. Considering the evidence as a whole, however, and in the light most favorable to the trial court's decision, it is our opinion that it is legally sufficient to sustain the controlling finding that on June 22, 1938, an accounting and settlement was had between the partners of all the partnership affairs except as to the commission on the sale of the Friend property. Among the facts and circumstances supporting this view are the following: Defendant, having become dissatisfied with the manner in which the business was being operated, told plaintiff he was "going to quit"; and on June 22, 1938, the parties met for the purpose of dissolving the partnership. After some discussion, they computed the amount of money each had drawn, and divided the assets, including some land and outstanding notes; thereupon plaintiff paid defendant $100, in acknowledgment of which defendant executed and delivered the following so-called bill of sale: "June 22, 1938. I, the undersigned, Vincent Guida of the city of San Mateo, County of San Mateo, State of California, do hereby sell, deliver, and transfer to Joseph Crudo of San Carlos, San Mateo County, State of California, all my interest in that certain real estate office known as 751 El Camino Real, Redwood City, California together with all the fixtures (except one desk), maps and good will for the consideration of one hundred dollars ($100.00). Vincent Guida." However, the evidence affirmatively shows that at the time of the signing of said instrument, the matter of the commission on the sale of the Friend property was brought up and discussed, and at that time defendant admitted to plaintiff that

he had received the commission, but stated that he did not then "have the money, that he would pay it later"; and that subsequent to the dissolution and settlement defendant requested plaintiff to accept a lot in payment of his half of the Friend commission, which plaintiff refused to do. And plaintiff testified that other than the matter of said commission "all . . . transactions were closed up by reason of this bill of sale . . . "

█ Testifying in his own behalf defendant admitted having received said commission; and he did not deny having asked plaintiff to accept a lot in payment of plaintiff's half; but he urges that it is inconceivable that plaintiff would pay him $100, knowing at the time that he then owed plaintiff $200 on the Friend commission. While there would seem to be much force in this argument, the record discloses that testimony was given to that effect; and since the trial court, as the exclusive judge of the weight of the testimony and the credibility of the witnesses, evidently accepted the testimony as true, its conclusion is controlling.

█ In further support of his claim that there was no accounting or settlement, defendant testified that there was an outstanding judgment for $200 in favor of the partners, about which nothing had been said at the time of the dissolution. But this testimony obviously conflicted with that given by plaintiff to the effect that other than the matter of said commission all partnership transactions were closed by virtue of the execution and delivery of the bill of sale; and the trial court in substance so found; therefore, in view of such conflict, the finding on that issue is binding on appeal.

█ As his fourth point, defendant assigns as error several rulings made by the trial court on the admissibility of testimony, all but one of which relate to matters of hearsay. However, it appears that the hearsay testimony pertained only to the question of whether defendant actually received said commission, and since he admitted having received it, it cannot be said that the hearsay testimony operated to his prejudice. █ The remaining assignment involves a ruling sustaining plaintiff's objection to a question propounded to defendant as to his "understanding" of the scope of the partnership agreement. The record shows, however, that the ruling was not harmful because defendant had already testified quite fully with reference thereto. █ Nor is there any merit in defendant's final contention that the trial court

erred in allowing plaintiff the costs incurred by him in the justice's court. Upon the filing of the cross-complaint and the answer thereto the cause was properly certified to the superior court for trial; therefore in giving judgment for plaintiff the court did not exceed its authority in allowing plaintiff all court costs incurred by him in the prosecution of the action.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.