[Civ. No. 4299. Second Appellate District, Division Two.—June 9, 1924.]

CAROLYN KIMBALL, as Administratrix, etc., et al., Respondents, v. W. E. BAXTER, Appellant.

[1] PARTNERSHIP — DEATH OF PARTNER — RIGHTS AND DUTY OF SURVIVOR—FIDUCIARY RELATIONSHIP.—While a surviving partner is entitled to possession of the partnership assets and to settle its affairs, unconfused by any control by the representatives of the deceased partner, he occupies a fiduciary position toward such representatives and is held to a strict accountability, and it is his duty to wind up the partnership business diligently and without unnecessary delay.

[2] ID.—LIQUIDATION OF AFFAIRS—UNNECESSARY DELAY—LIABILITY OF SURVIVOR—ELECTION OF REMEDIES.—When a surviving partner continues the partnership business unnecessarily without the consent of the decedent's representatives he acts at his peril and becomes liable either for the profits made in the business, including those made after his partner's death, or to account for the surplus at the time of the death of the deceased partner, with interest

1. See 20 Cal. Jur. 793, 807, 812; 20 R. C. L. 1001.
2. See 20 Cal. Jur. 816, 817.

thereon; and the representatives of the deceased partner have the right of election of these remedies.

[3] Id.—Findings—Judgment—Conflict.—In this action against a surviving partner to establish the partnership, and for an accounting, the interlocutory findings and judgment to the effect that a partnership existed and that since the death of the deceased partner defendant has conducted said business as the surviving partner and has been in possession of all the books, business, and assets of said partnership, were not contradictory to or in conflict with the subsequent finding and judgment that defendant claimed the assets as his own and appropriated them to his own use.

(1) 30 **Cyc.**, pp. 621, 640.   (2) 30 **Cyc.**, p. 640.   (3) 30 **Cyc.**, p. 649.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles S. Burnell, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Wm. A. Freeman and C. E. Spencer for Appellant.

D. A. Stuart for Respondents.

WOOD, J., *pro tem.*—The plaintiffs, as personal representatives of Wade H. Kimball, deceased, allege a partnership between decedent and defendant, and ask for an accounting.   The answer denies the partnership.   It avers in effect that the relationship between defendant and decedent was that of employer and employee; that the compensation to the decedent was to have been one-half of the net profit of the business and that there was no net profit. By way of counterclaim defendant alleges a substantial indebtedness by decedent to defendant.

Evidence was taken and an interlocutory judgment entered.   Thereby it was adjudged that the agreement between the parties was one of partnership, and a referee was provided ''to take an account of all of the partnership dealings and transactions . . . from the time of the commencement thereof to the time of the dissolution thereof by the death of said Wade H. Kimball, and of the moneys received and paid by the said partners respectively in regard thereto, and of all dealings in and transactions had in regard to the

3.   See 26 **R. C. L.** 1093.

property, assets and effects of said firm since its dissolution by the death of the said Wade H. Kimball, and of the property belonging to the business of said partnership sold or disposed of by said W. E. Baxter, either as surviving partner or otherwise, and of the moneys received and paid out by him on account thereof.'' From the interlocutory judgment no appeal was taken.

Kimball died May 18, 1919. The interlocutory judgment was entered December 31, 1920. The referee made an extensive examination requiring months of time, prepared a tentative statement pursuant to agreement of the parties, submitted this to them and held hearings thereon, and thereafter made and presented to the court his report and findings. Exceptions thereto were filed, testimony taken before the court, and on July 5, 1922, final findings of fact and conclusions of law were made. Thereby it was found that upon the death of Kimball defendant came into possession of all the property, effects, books and papers of the partnership; that defendant did not proceed to wind up the partnership business, but proceeded to enlarge it, made new contracts, incurred new and enlarged indebtedness, increasing the liability from $56,359.02 at the time of Kimball's death on May 18, 1919, to $99,925.69 on July 26, 1920; that such increase was not necessary to the winding up of the partnership business; that on July 26, 1920, defendant exchanged the partnership business and properties for stock of a corporation organized by him; that upon the death of Kimball defendant ''became possessed of all of the assets of the partnership business as the surviving partner and trustee by reason of being such surviving partner, and immediately claimed all of said assets as his own and appropriated the same to his own use, and resisted plaintiff's proceedings to force him to account to them as the representatives of the estate of decedent''; that the conduct of the business by defendant after Kimball's death resulted in a loss; that the plaintiffs have elected to accept in lieu of any other claim the amount of the profits of the partnership business which belonged to decedent at the time of his death, with interest thereon. The profits of the partnership from the beginning to the death of Kimball were then determined, based upon the referee's report with certain modifications, the counterclaim of the defendant was allowed, and the court concluded

that the plaintiffs were entitled to judgment for the difference, with interest from Kimball's death. For this judgment was entered. Defendant appeals.

[1] A surviving partner is entitled to possession of the partnership assets and to settle its affairs, unconfused by any control by the representatives of a deceased partner. (Code Civ. Proc., sec. 1585; *Theller* v. *Such*, 57 Cal. 447; *Cooley* v. *Miller & Lux*, 168 Cal. 120 [142 Pac. 83]; Minifie v. *Rowley*, 187 Cal. 481 [202 Pac. 673].) However, he occupies a fiduciary position toward such representatives and is held to a strict accountability. It is his duty to wind up the partnership business diligently and without unnecessary delay. [2] When he continues it unnecessarily without the consent of the decedent's representatives he acts at his peril and becomes liable either for the profits made in the business, including those made after his partner's death, or to account for the surplus at the time of the death of the deceased partner, with interest thereon, and the representatives of the deceased partner have the right of election of these remedies. (Code Civ. Proc., sec. 1585; *Theller* v. *Such*, 57 Cal. 460; *Berson* v. *Ewing*, 84 Cal. 94 [23 Pac. 1112]; *Brown's Appeal*, 89 Pa. St. 147; *Killefer* v. *McLain*, 78 Mich. 249 [44 N. W. 405]; *Hooley* v. *Gieve*, 9 Daly (N. Y.), 104, 112; Id., 73 N. Y. 599; *Dickens* v. *Dickens*, 174 Ala. 345, 357 [56 South. 809]; *Goodburn* v. *Stevens*, 1 Md. Ch. 420; *Clay* v. *Field*, 138 U. S. 473 [34 L. Ed. 1044, 11 Sup. Ct. Rep. 419, see, also, Rose's U. S. Notes]; Story on Partnership, 7th ed., sec. 344; 30 Cyc. 640.) This rule is peculiarly salutary, where, as here, the survivor denied the partnership and claimed its assets as his own.

[3] Defendant contends that the court in its interlocutory findings and judgment determined that since Kimball's death Baxter "has conducted said business *as the surviving partner* and has been in possession of all the books, business and assets of said partnership"; that this finding is final (*Zappettini* v. *Buckles*, 167 Cal. 27 [138 Pac. 696]; *Williams* v. *Reed*, 43 Cal. App. 425 [185 Pac. 515]), and that the subsequent finding and judgment that defendant claimed the assets as his own and appropriated them to his own use is irreconcilably contradictory to the finding of the interlocutory judgment. This part of the later finding is not necessary to the judgment; but assuming it to be, appellant's position cannot

be sustained. There is nothing necessarily contradictory between the two findings. Baxter did come into possession of the partnership as the surviving partner. He may have conducted that business "as the surviving partner"—he could not in contemplation of law do otherwise. To find that Baxter "conducted the business as surviving partner" is nothing more in legal effect, than a finding that he was the surviving partner. It is surely not a finding that he conducted the business rightfully, or that he proceeded without delay to close the partnership affairs. This could not be determined except by a long and involved accounting in court or through the medium of the referee. The trial court appropriately chose the latter method. When the referee's work was completed it clearly appeared from his findings and from evidence taken by the court upon the objections thereto that Baxter, while acting under his trust as surviving partner, had not proceeded to wind up the partnership affairs but had enlarged the business, increased its liabilities, attempted to appropriate to his own use the whole of the partnership property, and finally had sold its assets as his own to a corporation organized by him and for stock issued to him. The final finding to such effect then made was proper.

What we have said disposes of all of appellant's contentions except the one that the referee and the court erred in the finding as to the surplus at the time of Kimball's death. An examination of the record shows this point to be without merit. The referee founded his report upon the best evidence available, and it was sufficient.

The judgment is affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 8, 1924, and a petition by appellant to have the cause heard in the supreme court of appeal after judgment in the district court of appeal, was denied by the supreme court on August 7, 1924.