[Civ. No. 8972. First Appellate District, Division One.—April 18, 1934.]

SAVA VASILJEVICH et al., Appellants, v. GEORGE RADANOVICH et al., Respondents.

Andrew T. Jenkins and Frank Mergenthaler for Appellants.

W. T. McNeely for Respondents.

THE COURT.—Defendant George Radanovich and Ognjen Bukvich, deceased, were during the latter's lifetime engaged in the purchase and sale of real property in Los Angeles County. Bukvich died on July 20, 1926. At that time the record title to portions of two lots stood in the names of the partners. A portion of one of the lots had been sold by them to one Sotere, and the balance of the purchase price was collected by and remained on deposit in a Los Angeles bank at the time of Bukvich's death. Radanovich claimed certain amounts alleged to have been advanced by him for taxes, assessments, material used in filling in one of the lots and also for his labor in the latter connection. Letters testamentary upon the estate of Bukvich were granted to plaintiffs on April 26, 1927. Later they requested an accounting from said defendant, and on August 27, 1927, a citation was issued by the probate department of the superior court, requiring him to show cause why such an accounting should not be made. Following this defendant filed an account, to which objec-

tions were filed on January 25, 1929. On the same day the present action for an accounting was commenced.

After a trial the court found the sum of $544.84 to be on deposit as stated, and that defendant was entitled to credit for certain of his claims against the fund. It also found that the partnership was not indebted. Judgment was entered, by which it was decreed that defendant was entitled to $424.60 payable out of the above fund, and that plaintiffs were entitled to $120.24. It was also decreed that defendant and the estate of decedent were the owners of the lots mentioned, each having an undivided one-half interest therein.

Plaintiffs, who have appealed, claim that the estate should have been allowed a personal judgment against defendant for the value of the lots rather than for an undivided half interest therein. They base this upon the contention that it was defendant's duty to sell the lots and account for the proceeds, and that he failed to use due diligence in that respect or to account without delay as provided by section 1585 of the Code of Civil Procedure (now sec. 571 of the Probate Code).

The evidence shows that the defendant was a carpenter by trade, was unable to read or write English and required an interpreter; also that there was considerable negotiation between the defendant and the executors before suit in an endeavor to adjust the differences between them. Owing to the fact that the property stood of record in the names of both partners, co-operation in making any transfer was necessary; and while there was no evidence that defendant procured offers for the property he testified that he endeavored to sell it, but was unable to do so. Defendant appears to have had little business experience, and the record contains nothing which would compel a finding that he fraudulently delayed a sale or was guilty of bad faith, nor did the trial court so conclude.

It is the duty of a surviving partner to settle the business of the copartnership without delay and account (Code Civ. Proc., sec. 1585; Probate Code, sec. 571), and where he continues the partnership business unnecessarily he may be charged with the profits, or be liable for the surplus at the time of his partner's death, with interest, at the election of the representatives of the deceased part-

ner (*Kimball* v. *Baxter,* 67 Cal. App. 635 [228 Pac. 381]).

Plaintiffs claim that testimony by certain of their witnesses shows not only undue delay but bad faith as well. The question of their credibility, however, and the weight to be given the evidence was for the trial court (Code Civ. Proc., sec. 1847), which may reject the most positive testimony though the witness be not discredited by direct testimony impeaching him or contradicting his statements (*Blankman* v. *Vallejo,* 15 Cal. 638; *Staples* v. *Hawthorne,* 208 Cal. 578 [283 Pac. 67]). The facts in the present instance do not justify the application of the rule upon which plaintiffs rely. We concur with the conclusions of the trial court in that respect.

We find no merit in plaintiffs' contention that the orders of the court overruling their demurrer to defendant's answer, and ruling on the question of the admissibility of defendant's receipts for taxes paid for the years 1926 and 1927, were prejudicially erroneous; and the same is true of its order denying their motion for a new trial.

They also complain of the judgment awarding defendant and the estate undivided interests in the lots.

It is proper where there are firm debts to order the entire property of the firm to be converted into cash; but where there are no debts, as was the case here, it is unnecessary that the real property be sold, and the court may award the claimants their respective interests therein (47 Cor. Jur., Partnership, sec. 988, p. 1259; 20 Cal. Jur., Partnership, sec. 137, p. 846; *Shuken* v. *Cohen,* 179 Cal. 279 [176 Pac. 447]; *Harper* v. *Lamping,* 33 Cal. 641). It has been held that executors cannot institute partition proceedings (*Ryer* v. *Fletcher Ryer Co.,* 126 Cal. 482 [58 Pac. 908]); and the evidence sufficiently shows that, due to market conditions, a sale at the time judgment was entered would not have been advantageous to the parties. This fact no doubt was considered by the trial court, and we are satisfied that it did not err in this respect.

The judgment awarded an undivided one-half interest in the lots to plaintiffs as executors, while by the findings and conclusions of law it was found that this interest should have been awarded to the estate. In construing a judgment the whole record may be examined (14 Cal. Jur., Judgments, sec. 54, p. 959); and where, as here, any

uncertainty is thereby made plain the apparent defect does not necessitate a reversal.

We are satisfied that the trial court's conclusions were correct and that the judgment should be affirmed.

The judgment is affirmed.