[Civ. No. 2602.    Fourth Appellate District.—March 17, 1941.]

VINCENT G. KEYES, Plaintiff and Respondent, v. ELMER O. HURLBERT, as Executor, etc., et al., Defendants and Respondents; LILLIAN DOUGLAS et al., Appellants.

498

Irvine P. Aten and Richard Aten for Appellants.

B. M. Benson for Plaintiff and Respondent.

Dearing & Jertberg for Defendants and Respondents.

GRIFFIN, J.—This is an appeal from a decree of specific performance whereby the defendant executor of the estate of a deceased partner was ordered to convey the interest of the deceased partner in the partnership to the surviving partners pursuant to an option to purchase contained in the part-

nership agreement. Judgment was rendered for plaintiff on the pleadings. This appeal is taken by the interveners in the action who are legatees and devisees under the will of the deceased partner. The defendant executor has not appealed.

The complaint alleges that in 1928 the respondent Vincent G. Keyes, Elmer O. Hurlbert, and Andrus Hurlbert entered into a certain partnership agreement to engage in a certain transfer and trucking business known as ''General Transfer Company''; that in 1939 they executed a written amendment to the partnership articles as follows:

''Upon the death of any one of said partners occurring during the continuance of this partnership it is understood that the two surviving partners shall have and they are hereby given the first right and option to purchase the entire interest and ownership in said partnership and its assets owned by the deceased partner at the time of his death, and the purchase price shall be the appraised value thereof as fixed by the official appraisement of the property of the estate of said deceased partner made under the authority of the probate court before which the said estate is administered.''

The complaint further alleges that the partnership was engaged in such business on the 19th day of January, 1939, on which date Andrus Hurlbert died; that Andrus Hurlbert left a will wherein Elmer O. Hurlbert was appointed as exec·utor; that it was admitted to probate on February 10, 1939; that on February 19, 1939, an inheritance tax appraiser was duly appointed as the sole appraiser of the estate; that thereafter he duly filed his inventory and appraisement and appraised the partnership interest at $30,828.94; that on October 11, 1939, plaintiff filed a certain ''notice of exercise of option'' whereby he gave written notice to Elmer O. Hurlbert as executor that plaintiff, on behalf of himself and Elmer O. Hurlbert as surviving partners, offered to buy for cash, for the sum of $30,828.94, all of the right, title and interest of Andrus Hurlbert in and to the said partnership; that prior to the commencement of this action this plaintiff offered to Hurlbert, as executor, $30,828.94, and demanded that he as executor make, execute and deliver a bill of sale and deed to the surviving partners conveying all the right, title and interest of Andrus Hurlbert in the partnership business; that the executor refused to accept the offer or to execute a bill of sale or deed. The prayer was for a decree of the court

commanding Hurlbert as executor, upon receipt of the $30,-
828.94, to make, execute and deliver to plaintiff such a bill of
sale and deed.   Defendant executor filed an answer in which
he admitted all of the allegations of the complaint and pleaded
certain matters which occurred in the estate proceedings as
follows: that after the inheritance tax appraiser had filed his
appraisal certain heirs and legatees filed in said estate pro-
ceeding an exception to the appraisement by the appraiser
wherein they alleged that the value placed upon the one-third
interest was much lower than the actual value; that the one-
third interest was of the value of $50,000; that the executor
thereupon filed an answer to this exception and denied that
the value was any greater than the sum at which it had been
appraised; that the matter of the exception to the appraisal
is now pending and at issue and ready to be tried and until
the issue is determined it cannot be told whether the appraisal
of decedent's interest will be sustained by the superior court;
that upon receipt of the written notice (exercise of option)
the executor filed his petition for instructions; that there-
after the heirs above named filed an opposition to the peti-
tion for instructions and that the same is still undetermined.
Interveners by permission filed a complaint in intervention
which by reference incorporates the ''answer of defendants''
and all matters of fact and denials set forth therein.   It fur-
ther alleges that they as legatees and devisees have a direct
interest in the valuation of the interest of said estate in the
partnership and in the success of the defendant executor
in the action and unite with him in resisting the claims of the
plaintiff.   It then alleges that since the death of Andrus
Hurlbert the surviving partners continued to conduct the
business and earned in net profits $30,000; that the sur-
viving partners have contended and now contend that the
estate has no interest in the profits and have not offered to
pay to the executor any of the net profits; that an accounting
is necessary to determine the amount thereof; that the es-
tate is entitled to one-third of the net profits; and that plain-
tiff take nothing by reason of his complaint.   After granting
a motion for judgment on the pleadings an interlocutory
decree was entered whereby Hurlbert, as executor, was or-
dered upon receipt of $30,828.94 in cash or within ten days
from that date to execute and deliver to the plaintiff for the
use and benefit of Vincent G. Keyes and Elmer O. Hurlbert,

a bill of sale and deed transferring all the right, title and interest of the estate of Andrus Hurlbert, deceased. Thereafter the respondent paid to Hurlbert as executor $30,828.94, and moved the court for an order making the interlocutory decree in the action final. The final decree was entered from which this appeal has been taken by interveners only.

Since perfecting the instant appeal respondent Keyes moved to dismiss the appeal on the grounds set forth in *Keyes* v. *Hurlbert*, 42 Cal. App. (2d) 532 [109 Pac. (2d) 364], where the motion was previously considered. In connection with the appeal from the decree we will also consider the pending motion. First, appellants contend that since the judgment in this case orders the executor to convey the estate's interest in the partnership to Keyes on behalf of respondents Keyes and Elmer O. Hurlbert, the two surviving partners, the judgment is in effect a judgment in favor of Elmer O. Hurlbert individually and against Elmer O. Hurlbert as executor, and that the proceeding therefore is a nullity and the judgment rendered is void, citing 11B Cal. Jur., p. 322, sec. 907. Second, that there was not pleaded or proved adequacy of consideration or that the contract was fair and just, citing 23 Cal. Jur., p. 428, sec. 10, and p. 491, sec. 50; and *Caspar Lumber Co.* v. *Stowell*, 37 Cal. App. (2d) 58 [98 Pac. (2d) 744]. Third, that the probate court had jurisdiction to hear appellant's exceptions to the appraisal and that those exceptions being still undetermined the present action was prematurely brought, citing 11A Cal. Jur., p. 92, sec. 39, and p. 485, sec. 354. Fourth, that because of the pending petition in the probate court for instructions, this action for specific performance was prematurely brought, citing 23 Cal. Jur., p. 418, sec. 6. Fifth, that if respondent was entitled to specific performance, he was also bound to account for profits made prior to his exercise of the option to purchase, citing Prob. Code, sec. 571; *Vasiljevich* v. *Radanovich*, 138 Cal. App. 97, 99 [31 Pac. (2d) 802], Civ. Code, sec. 2436, *Montgomery Gas-Light Co.* v. *City Council of Montgomery*, 87 Ala. 245 [6 So. 113, 4 L. R. A. 616], and *Hull* v. *Cartledge*, 18 App. Div. 54 [45 N. Y. Supp. 450]. Sixth, that the contract is ambiguous and specifically unenforceable, citing 23 Cal. Jur., p. 429, sec. 11, and p. 431, sec. 12.

It has been generally held that the same person cannot enter into an agreement between himself as surviving partner

and himself as the personal representative of deceased but he may, however, carry out a provision in the articles of partnership for the purchase of the share of the deceased partner at a valuation arrived at in a prescribed manner, and where the manner of valuation is not prescribed the burden is upon him to show that the sale price was a fair one. (47 C. J., p. 1062, sec. 644; *Byrne* v. *Byrne,* 94 Cal. 576 [29 Pac. 1115, 30 Pac. 196]; 11B Cal. Jur., p. 322, sec. 907.) In 11B Cal. Jur., p. 322, sec. 907, the following appears: ''When the representative is adversely interested as an individual, but sues as a representative, since the representative in such case is disqualified to represent the interests of heirs and creditors by reason of adverse interest, it is necessary to make all creditors as well as all heirs parties to the action.'' When the surviving partner is also the personal representative of deceased, he acts in a dual capacity and it is his duty as survivor to collect decedent's share in the partnership and turn this over to the separate estate of deceased. (47 C. J. 1062, sec. 643.)

The instant action was brought by one of the surviving partners in his own behalf and in behalf of the other surviving partner against the executor of the deceased partner, who was also one of the surviving partners. Since such a surviving partner is authorized to fairly carry out the provisions in the articles of partnership for the purchase by the survivors of the share of the deceased partner at the valuation arrived at in a prescribed manner, it would only seem reasonable that such a surviving partner should be authorized to maintain an action to compel specific performance. However, assuming but not holding that the surviving partner was not authorized to do so, it appears from the complaint in intervention in the instant action that the interested legatees and devisees were made parties to the action and pleaded the same defense as was pleaded by the executor with the additional prayer for an accounting as to the profits earned by the partnership between the date of the death of the deceased partner and the date of the exercise of the option. Under the circumstances the heirs and legatees were parties in interest and were entitled to intervene. (Code Civ. Proc., sec. 387; *Isaacs* v. *Jones,* 121 Cal. 257, 261 [53 Pac. 793, 1101]; *Landis* v. *First National Bank,* 20 Cal. App. (2d) 198, 200 [66 Pac. (2d) 730]; *Ex parte Casey,* 71 Cal. 269

[12 Pac. 118]; *Koerber* v. *Superior Court,* 57 Cal. App. 31 [206 Pac. 496].)  ▆  The record does not disclose that there were any creditors of the estate. We must therefore conclude that the instant action comes within the exception noted and appellant devisees and legatees cannot claim to be deprived of any of their rights or that they have been prejudiced in the action.

The record now discloses that since this appeal by appellants was perfected the executor has received and accepted the sum of $30,828.94 and executed a bill of sale and deed in accordance with the judgment rendered in the instant action; that he accordingly filed his first account and report as executor in the estate matter; that the report and account was duly noticed for hearing; that notice thereof and copies of the report were given to the interveners herein as legatees and devisees; that no objections or exceptions to the account were made; that the court allowed and approved the account and confirmed all of the acts of the executor; and as "shown by the said account of the executor of the estate of A. Hurlbert, deceased, the interveners have participated in the partial distribution that has been made out of the funds of said estate, which funds included the sum of $30,828.94." Appellant Lillian Douglas' affidavit recites that "the acceptance by appellants of partial distribution was not intended by appellants as a compromise or settlement of this action . . .".

▆  It is a general rule that a party cannot avail himself of that portion of an indivisible judgment, order, or decree which is favorable to him and secure its fruits while prosecuting an appeal to reverse in the appellate court such portions as militate against him. However, the rule does not apply unless appellant has accepted a substantial benefit, nor does it apply where the parts of the decree are independent and the receipt of a benefit from one part is not inconsistent with an appeal from another (3 C. J., p. 679, sec. 552).

In *Coffman* v. *Bushard,* 164 Cal. 663 [130 Pac. 425], it was held that plaintiff's "acceptance of his property under the indicated circumstances, the taking of that which indisputably is his, does not estop him from prosecuting his appeal and asserting his rights to other allowances which the court refused to grant", citing cases. (See, also, *Wold* v. *League of the Cross,* 107 Cal. App. 344 [290 Pac. 460]; *Walnut Irr.*

*Dist.* v. *Burke,* 158 Cal. 165 [110 Pac. 517] ; *Hartke* v. *Abbott,* 106 Cal. App. 388 [289 Pac. 206].)

▮ In view of the admitted facts, appellants are estopped from denying the validity of that portion of the judgment involving the $30,828.94, and it now becomes unimportant in this action to determine whether appellants' exception to the appraisement was meritorious or whether the petition of the executor for instructions in the probate proceedings remained undetermined at the time this action was instituted. (*Turner* v. *Markham,* 152 Cal. 246 [92 Pac. 485] ; *Estate of Shaver,* 131 Cal. 219 [63 Pac. 340] ; *In re Baby,* 87 Cal. 200 [25 Pac. 405, 22 Am. St. Rep. 239] ; *Estate of Cohn,* 36 Cal. App. (2d) 678 [98 Pac. (2d) 521] ; 3 C. J., p. 679, sec. 552; Prob. Code, sec. 1240; Prob. Code, secs. 927–931.)

▮ The question then presented is as to the right of the devisees and legatees to require an accounting by the surviving partners and to require them to pay over to the estate such sum as may be found due thereunder. Appellants, by their amended complaint in intervention, affirmatively sought an accounting for one-third of the net profits earned since the death of decedent and up to the exercising of the option to purchase, claiming that such profits amounted to approximately $30,000. By answer respondent admitted the total net profits for that period to be approximately $12,470. If the judgment of the trial court may be so interpreted as holding that the estate was not entitled to share therein, from an examination of the authorities, we believe it was erroneous.

Section 571 of the Probate Code provides: ''The surviving partner must settle the affairs of the partnership without delay, and account to the executor or administrator, and pay over such balances as may from time to time be payable to him, in right of the decedent.''

▮ It is the duty of a surviving partner to settle the business of a partnership without delay and make an accounting (Code Civ. Proc., sec. 1585; Prob. Code, sec. 571), and where he continues the partnership business unnecessarily he may be charged with the profits, or be liable for the surplus at the time of his partner's death with interest, at the election of the representatives of the deceased partner. (*Vasilje-vich* v. *Radanovich, supra; Kimball* v. *Baxter,* 67 Cal. App. 635 [228 Pac. 381] ; 47 C. J., secs. 671–675, p. 1075 et seq.)

In *Hull* v. *Cartledge,* 18 App. Div. 54 [45 N. Y. Supp. 450], it was held that where the survivor has the right to acquire the property and business of the partnership by purchase, the representatives of the deceased partner are entitled to share in the profits until the survivor's election to purchase becomes effectual.

Respondents argue that the contract of partnership itself gave the surviving partners the right to wait until after the appraisal before electing to purchase the interest of the deceased partner, citing *Kaufmann* v. *Kaufmann,* 222 Pa. 58 [70 Atl. 956], and *Rankin* v. *Newman,* 114 Cal. 635 [46 Pac. 742, 34 L. R. A. 265]. This argument seems contrary to the provisions of the articles of partnership. It is clear from the partnership agreement that the purchase price was to be the appraised value as of the date of death and not as of the date of the exercise of the option to purchase. (The appraisal was made on August 28, 1939, and the offer to purchase was made October 11, 1939.) The option to purchase is stated separately from the price provision which is in another clause. To construe this provision as allowing the surviving partners to wait until they saw fit to elect to purchase and to allow them to retain all of the profits, would be unreasonable and would do violence to its express terms. Even if the surviving partners had the right to wait until after the appraisal before electing to purchase, that fact would not deny to the estate of the deceased partner the right to participate in the profits earned up to the time the election was made, for up to that time the estate's interest in the business continued.

In *Hull* v. *Cartledge, supra,* the surviving partner had been given the option to purchase the deceased's interest for a fixed price within three months after the death. The court therein said, in part: "Up to the time that the election of the surviving partner to purchase became effectual, they were entitled to share in the profits of the business. This is not only substantially provided for by the contract, but it is in accordance with the law upon the subject", citing cases.

If respondent's position is correct, by making the election to purchase, the surviving partners acquired the estate's one-third share of the profits earned subsequent to the partner's death, this would thereby, in effect, cut down the price they had to pay for the partnership interest accord-

ingly. We do not construe the contract as so intending. Interveners were entitled to an accounting. Other points presented are without merit.

The motion to dismiss the appeal is denied. That portion of the judgment ordering delivery and transfer of title of the deceased's interest in and to the partnership is affirmed. That portion of the judgment, in so far as it denies a right to appellants to an accounting according to the prayer of the amended complaint in intervention, is reversed and the court is directed to proceed with the issues therein presented.

Barnard, P. J., and Marks, J., concurred.